# WALLACE AND LEWIS v. PECK & CLARK.

1. The principal is not a competent witness for the agent, in a suit brought by him against an attorney, for the recovery of a debt due the principal, which the agent had placed in the attorney's hands for collection; as the record would be evidence for the principal, of the amount recovered, in a suit by him against the agent.

2. When money is collected by an agent, for persons who are themselves agents, he may discharge himself, either by paying it over to those from whom he received the claim, or to the true owner; but cannot discharge himself, by paying it to the payee of the note, he not being in fact the true owner, and the note not having been received by him from the payee.

Error to the County Court of Tuscaloosa.

THIS was an action of assumpsit by the plaintiffs in error, against the defendants in error, and was here at a previous term of this court. [10 Ala. 142.] The facts as they now appear, are, that the defendants in error, as attorneys at law, received from the plaintiffs a note for collection on Lamkin, Gilkey & Co. for $146 26, payable to the order of Jeremiah Boyd, and indorsed in blank by him. The money was collected by Peck & Clark, and transmitted to Boyd, they supposing him to be the person entitled to receive it.

The plaintiffs offered the deposition of one Trevor, to prove, that the note was his property, and that he placed it in the hands of the plaintiffs for collection. The witness stated, that he did not consider he had any interest in the suit, as he held the plaintiffs accountable for it. On motion of the defendants, the court excluded this testimony, and the plaintiffs excepted.

The defendants then proved, that it was common, when notes were sent here for collection, for the owner to indorse them in blank, before sending them, and that when so indorsed, they paid the money to the last indorser, if sent by him. There was no evidence whatever, that the defendants had any knowledge, that the note did not in fact belong to the payee, until after they had paid him the money.

The plaintiffs then moved the court to charge the jury, that upon the evidence, they must find for the plaintiffs. This charge the court refused to give, and charged the jury, that if they believed the evidence, they must find for the defendants.

To this the plaintiffs excepted, and now assign these matters for error.

PETERS, for plaintiffs in error.

The plaintiffs made out their case when they read the receipt of Peck & Clark, and proved the collection of the money. The evidence is the same as in the former case. * The evidence is sufficient to authorize a recovery without Trevor's deposition. Trevor has no interest, as he swears; his claim is good against Wallace and Lewis; he asserts it, and never has abandoned it. This record would not be evidence in a suit between Trevor and Wallace & Lewis; if it was read, it would prove nothing; the evidence in the latter case, if one was brought, is *in pais*—this record does not furnish it.

The court erred in charging, that the verdict must be for defendants; in refusing to let the jury determine whether evidence enough to make out plaintiffs' case existed without Trevor's deposition, which had been excluded.

Trevor's claim against Wallace & Lewis does not depend on the result of this suit; if decided against Wallace *&* Lewis, that does not affect Trevor's claim on them.

The case should be reversed, because the court decided the effect of the evidence, and not leaving it to the jury. The former decision covers this case. [10 Ala. 142.]

ᵌ PECK, contra.

1. The deposition of Trevor being excluded, the evidence showed the note upon which the defendants had collected the money belonged to Boyd the payee, and consequently his receipt of the money is a good defence, on the authority of this case when here before.

2. The deposition was properly rejected. Waiving, for the present, the objection to the competency, a large part of the deposition is irrelevant, and, being offered as an entire

piece of evidence, the court was not bound to separate the relevant from the irrelevant matter, and therefore no error was committed in excluding the whole. Evidence will be rejected as well for its irrelevancy as for its incompetency. [Walker v. Leighton, 11 Mass. Rep. 140, 142.] The deposition was argumentative, and therefore well calculated to make an improper impression upon the jury.

3. The deposition was properly rejected for the incompetency of the witness—1. Because, a verdict for the plaintiffs would be evidence for the witness in a subsequent suit by him against the plaintiffs. [1 Phil. Ev. by Cow. & Hill, 55, 56; 1 Greenleaf Ev. p. 564, § 527, 390, 394-5-6.] 2. The deposition itself would be evidence in such suit for the witness against the plaintiffs; being offered by them in this case on their behalf, they thereby admit its truth; it would therefore be evidence against them, on the principle of an admission. [1 Greenl. Ev. 226-7, § 194.]

ORMOND, J.—We will first consider the competency of Trevor as a witness for the plaintiffs. The opinion of the witness, that he had no interest in the question, because he held the plaintiffs responsible to him, will not render him competent, if in fact he was interested. It is insisted that he had an interest, because the verdict, and judgment, would be evidence for him, in an action by the witness against the plaintiffs, and that is our opinion. It is admitted, and also established by the evidence of Trevor, that the plaintiffs are suing for this money as the agents of Trevor, it having been sent by him, to them for collection. If they recover in this action, it will be money in their hands belonging to him, and the recovery in this case, will be conclusive on them, upon the additional proof being made that the recovery was had by them as his agent, which would in fact be only proving the subject matter of the suit. That the record may be thus explained, by parol proof, is established by the decisions of this court, and of other courts of the highest authority. [Parker v. Thompson, 3 Pickering, 429; Kilheffer v. Herr, 17 S. & R. 319; Cist v. Zeigler, 16 Id. 282; Seddon v. Tutop, 6 D. & E. 607; 9 Porter, 397; 6 Ala. 27.]

In Green v. The New River Co. 4 D. & E. 589, an action

was brought for an injury caused by the negligence of one of the defendant's servants, and evidence being offered of the fact of the negligence, the defendant proposed to call the servant to whom the neglect was attributed, to prove that there was no negligence, and it was held that he was an incompetent witness, because the verdict rendered against his employer, would be conclusive in an action against him by the master, as to the *quantum* of damage, though not as to the fact of the injury. That appears to be the precise predicament of this case. In an action by Trevor, against the plaintiffs, upon proving that they were his agents in the collection of this money, the verdict and judgment would be conclusive of the amount in their hands belonging to him.

But the court, in its charge to the jury upon the evidence, erred. When the case was here previously, we held, that although the plaintiffs were the agents merely of Trevor, yet the defendants, by executing their receipts to them, and promising to collect the money for them, had become their agents, and that they could maintain this action in their own names, unless the true owner had asserted his right to the money, and intercepted it in the hands of the defendants. To exonerate themselves, then, from liability, they must show, that they have paid the money to the true owner. The money was paid to Boyd, who was the payee of the note, and who has indorsed it in blank, but the evidence afforded by the letters which were introduced, establishes conclusively, that Boyd had no right to the money, but that it belonged to Trevor, to whom Boyd had indorsed it.

There was evidence, that it was the custom, when foreign notes were sent here for collection, for the owner to indorse them in blank, and that when so received, it was customary when the money was collected, to transmit it to the last indorser. However competent such evidence might be, to establish a *prima facie* case of ownership, it can avail nothing here: First, because it is shown that Boyd was not the owner, and had no right to the money. Secondly, because the defendants did not receive the note from Boyd, and therefore had no right to presume that he was the owner, merely because his name was on the paper as an indorser. The plaintiffs were their principals, and they can only excuse

themselves from accounting to them, by showing they have paid the money to the true owner.

The court therefore erred, both in the charge given, and the one refused. Judgment reversed, and cause remanded.