[No. 1672.]

ROSAN GULLING, EXECUTRIX, AND CHARLES GUL-
LING, EXECUTOR OF THE ESTATE OF CHARLES GUL-
LING, DECEASED, RESPONDENTS, *v.* THE WASHOE
COUNTY BANK, A CORPORATION, APPELLANT.

1. PLEADING—ISSUES—MATTERS ARISING AFTER COMMENCEMENT OF SUIT. As between codefendants an answer does not put in issue new matter set up in an answer to the complaint, of a codefendant subsequently filed, especially where such codefendant was not mentioned in the former answer.

2. SAME—ALLEGATIONS DEEMED DENIED WITHOUT ANSWER OR REPLY. If it be conceded that new matter alleged against a defendant in the answer of a codefendant is deemed denied under the statute, without answer or reply thereto, the rule is not applicable where the answer setting up the new matter is not served on such defendant.

3. JUDGMENT—RES JUDICATA. An answer directed against the complaint, but which seeks affirmative relief against a codefendant, raises no issue as to the latter, where it is not served on him, and he files no demurrer, answer, or reply thereto, and therefore that part of the judgment which grants such affirmative relief is not *res judicata* as against such codefendant.

4. APPEAL—PRESUMPTIONS—RES JUDICATA. Where the judgment roll and papers in a former suit are introduced in evidence in the trial court and brought into the record on appeal, the determination of the question whether the subject-matter of the latter suit was adjudicated in the former suit rests upon the showing by the record and not upon presumption.

FITZGERALD, C. J., dissenting.

> [Petition for rehearing was filed during the October term of 1905, and subsequently granted during the January term of 1906, but up to the present time (July, 1906) no further steps have been taken in the matter.]

APPEAL from the District Court, Washoe County; *B. F. Curler*, Judge.

Action by Rosan Gulling, Executrix, and Charles Gulling, Executor, against the Washoe County Bank. From a judgment in favor of plaintiffs, defendant appeals. **Affirmed.**

The facts sufficiently appear in the opinion.

*Cheney & Massey*, for Appellant:

I.   The judgment and decision of the court in this action is contrary to law, for the reason that all matters sought to be litigated in this action were fully litigated and determined by the court in the action of the *Farmers' and Mechanics'*

*Savings Bank* v. *Pollock and Others*, as shown by the pages of the record herein referred to.

The court decided by this action that the respondents were not estopped from the foreclosure of the mortgage in this action by reason of the judgment and decree rendered in the former action set out in the defendant's answer, for the reason that in said former action the court did not have jurisdiction of the subject-matter and of the parties thereto so as to quiet the title of the defendant to said property, as was therein attempted to be done. It is a general rule of law—and upon this rule respective counsel did not disagree on the trial—that a right, question, or fact distinctly put in issue and directly determined by a court of competent jurisdiction cannot be disputed in a subsequent suit between the same parties or their privies; and, even if the second suit is for a different cause of action, the right, question, or fact once determined must be, as between the same parties or their privies, taken as conclusively established, so long as the judgment in the first suit remains unmodified. (*Southern Pacific Co.* v. *U. S.*, 168 U. S. 1; *McLeod* v. *Lee*, 17 Nev. 103; *Brown* v. *Ashley*, 16 Nev. 311; *Sherman* v. *Dilley*, 3 Nev. 21.)

There can be no question as to the jurisdiction of the district court, under the constitution of this state, to quiet title to real estate or to render a decree of the foreclosure of a mortgage. Upon the trial of the issues the contentions of counsel for respondents were that in the former action of the *Farmers' and Mechanics' Savings Bank* v. *Gulling and Others*, an action to foreclose a trust deed given to secure the payment of a loan, and in effect a mortgage, the district court of this state had no power or jurisdiction to decree that the sale under the trust deed by Cummings and Steinman to the Washoe County Bank operated as a foreclosure of the equity of redemption of the mortgagee (Gulling) and vested title to the property in this appellant, and that for that reason the judgment was absolutely void for want of jurisdiction.

The basis of the contention made by respondents upon the trial was to the effect that the district court of this state, under the settled rules of equity procedure, could not determine, in a proceeding to foreclose a mortgage, paramount

title to the property. In support of this contention a large number of cases from various states was cited, in which it was held upon appeal to higher courts, where the question had been properly reserved, that the trial court did not possess the power or jurisdiction to hear and determine such titles in foreclosure proceedings, but, as we remember now, under the reform procedure, as it exists in this state and in nearly all of the states of the American Union, no case was found in which it was held that, where a court had without objection litigated and determined such questions in proceedings of foreclosure, such determination was absolutely null and void and rendered the judgment and decree of the court absolutely void. It appears that, in the cases cited in support of the contention of the respondents, and which will no doubt be cited in their brief on this appeal, the decisions have gone to the extent only of holding the decision or determination of titles in proceedings to foreclose such an irregularity only as to justify or authorize the appellate court to reverse the judgment. This question has never been presented to this court, but courts in other states, under procedure similar to the procedure prevailing here, have held unanimously, where the matter has come up for consideration, that the litigation of titles in proceedings to foreclose is a mere irregularity and does not render the judgment of the court absolutely void for want of jurisdiction or power in the court to so hear and determine the question.

II. In *Beronio* v. *The Ventura County Lumber Company,* 129 Cal. 232, 61 Pac. 958, a case where the question of the power of a court to hear and determine title in foreclosure proceedings was under discussion, the supreme court of that state says: "If, however, the plaintiff makes the holder of an adverse title a party defendant to the foreclosure suit, setting forth facts from which he claims that such title is subordinate to his mortgage, and issues upon these facts are presented for adjudication, without objection on the part of the defendant, the judgment of the court thereon will not be void. The court may decline to pass upon the question as not germane to the suit for foreclosure, or it may determine that such claim of the defendant is unfounded, or that his

interest in the premises is subordinate to the mortgage, or it may render a decree of foreclosure subject to the prior rights of such defendant.   The subject-matter of such controversy will be within the jurisdiction of the court, and, if the parties thereto submit the controversy to its determination, the judgment thus rendered will be as conclusive upon them as if rendered in an action especially brought for that purpose, and will not be subject to collateral attack." (*Goebel* v. *Iffla et al.*, 111 N. Y. 170, 18 N. E. 649, 651; *Jordan* v. *Van Epps*, 85 N. Y. 427; *Barnard* v. *Onderdonk*, 98 N. Y. 150; *Frost* v. *Koon*, 30 N. Y. 428; *Cromwell* v. *MacLean*, 123 N. Y. 274, 25 N. E. 932; *Helck* v. *Reinheimer*, 105 N. Y. 473, 12 N. E. 37; *Masters* v. *Templeton*, 92 Ind. 447; *Maynard* v. *Waidlich*, 60 N. E. (Ind.) 348; *DeWolf* v. *Sprague Mfg. Co.*, 49 Conn. 282; *Bradley* v. *Parkhurst*, 20 Kan. 462; *Lego* v. *Medley*, 79 Wis. 211; *Wicke* v. *Lake*, 21 Wis. 410; *Roche* v. *Knight*, 21 Wis. 329; *Newton* v. *Marshall*, 62 Wis. 8; *Oates* v. *Shuey*, 66 Pac. (Wash.) 58, 59; Const. Nev. sec. 14, art. VI, Comp. Laws, 125.)

III.   If the legal or equitable title of the property was in some person other than the person of the mortgagor at the time of the execution of the mortgage, and such person is either made a party to the foreclosure proceedings or voluntarily appears thereto and sets up title to the property which shows that no valid lien exists or could have been created against the specific property, we can see no reason why the court, under this constitutional provision, should not hear and determine that fact, rather than to say that the question of title which would operate to defeat the mortgagee's lien cannot be heard and determined in this action.   It will, therefore, enter a decree foreclosing the mortgage and directing sale of the mortgaged premises, and postpone to another time and to other actions the determination of the question of title to this property between the purchaser under the decree of foreclosure and the legal owner thereof.   Such a proposition, we submit, is not in harmony with the theory of code procedure, and is in direct conflict with the express provisions of the constitution of this state.   The legislature of this state, for the very purpose of carrying out this express

provision of the constitution, as a matter of procedure, has enacted that any person may be made a party defendant to an action who has or claims an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of the question involved therein. (Comp. Laws, 3108.)

IV. The court possessed jurisdiction to render the decree as between the Washoe County Bank and Martin Gulling.

Not only has the constitution of this state changed the rule as to what may be heard in an action, and abrogated the old rule limiting equitable relief to equitable actions and relief within the strict rule of law to actions at law, as above indicated, but the legislature of this state, in the practice act, in harmony with the provisions of the constitution above cited, has expressly decreed that a judgment in an action may, when the justice of the case requires it, determine the ultimate rights of the parties on each side as between themselves. (Comp. Laws, 148.) The district court, in the case of *Farmers' and Mechanics' Savings Bank* v. *Gulling, et al.*, by its decree, did nothing more than to determine the ultimate rights between Gulling and the bank. This determination was based upon the issues made by the pleadings, and such issues were made in strict compliance with the provisions of the civil practice act of this state. Upon an examination of the answer filed by the Washoe County Bank in the case of *Farmers' and Mechanics' Bank* v. *Gulling*, it will be observed that the bank set up its right to the property covered by the Gulling mortgage under its purchase at the sale by the trustees. The answer of the Washoe County Bank in that action was full and complete, and the prayer for relief as against the defendant Gulling was expressly granted by the decree. It is well to note in this connection that under the practice act of this state it is expressly declared that all forms of pleadings in civil actions, and the rule by which the sufficiency of the pleadings shall be determined, shall be those prescribed in the act. (Comp. Laws, 3132.) By a subsequent section of the act the legislature has declared the only pleadings on the part of the plaintiff shall be the complaint or demurrer to the defendant's answer, and the only pleadings on the

part of the defendant shall be the demurrer or answer. (Comp. Laws, 3133.)

The Washoe County Bank in the former action, by the only method prescribed by the civil practice act of this state, and limited by that act to that method only, set up its rights, not only as against the plaintiff, the Farmers' and Mechanics' Savings Bank, but also as against its codefendant, Martin Gulling, and asked the court to determine its rights, not only as against the plaintiff, the Farmers' and Mechanics' Savings Bank, but as against its codefendant, Martin Gulling, and the decree of the court, based upon the issues made, under the provisions of section 3243, determined the ultimate rights of the codefendants as between themselves. No other pleadings were necessary on the part of the defendant, Gulling, or the defendant, Washoe County Bank, in the former proceeding to authorize the trial and findings and decree of the court establishing the rights of the Washoe County Bank as between it and Martin Gulling. The provisions of our practice act declare that the allegation of new matter in the answer shall, on the trial, be deemed controverted by the adverse party. Therefore all new matter set up in the answer of the Washoe County Bank under the provisions of the civil practice act, in so far as that matter might have affected the plaintiff, the Farmers' and Mechanics' Bank, or Martin Gulling, a codefendant, in that action, was deemed controverted under the provisions of the act. The assertion of rights by the Washoe County Bank as against plaintiff, and as against Gulling, its codefendant, made both the plaintiff and Gulling adverse parties as against the Washoe County Bank, within the meaning of that provision.

V. The district court on the trial of this case expressly found that this court did not have jurisdiction of the person of Martin Gulling and of the person of the Washoe County Bank in the former action. The record discloses the following facts, and these facts are not controverted:

(1) That the defendant, Martin Gulling, appeared in the former action in response to the summons served upon him in that action. His answer filed in that action recites: The defendant, Martin Gulling, in obedience to summons herein

issued and served upon him, and answering the summons and complaint herein, declares and alleges as follows:

(2) The answer of Martin Gulling in the former action, made a part of the judgment roll under the provisions of this act, shows his appearance thereto.

(3) The findings of the court in the former case recite the appearance of Martin Gulling by R. M. Clarke and Thos. V. Julien, Esqs. It appears by the uncontradicted recitals in the decision of the court that the plaintiff, having before hearing filed a disclaimer of all interest in the action, offered no evidence and made no proofs therein, the Washoe County Bank, defendant, having succeeded to the interests of the plaintiff; that Martin Gulling, defendant, offered and submitted evidence and proofs and thereupon rested; that Washoe County Bank, defendant, offered and submitted evidence in support of the issues made by its answer and rested.

(4) The decision of the court, found in the record, shows the precise questions decided by the court upon the issues made by the pleadings and the evidence offered in support of the same, and therein the court states that the material question presented is whether a sale under and in accordance with the terms of the power of sale created by the trust deed foreclosed the equity of redemption and invested in the purchaser, Washoe County Bank, at such sale, when regularly and fairly made, the title to the mortgage property free from any and all incumbrances placed thereon by the mortgage subsequent to the recording of the mortgage under which the lien was made. In this connection we suggest to the court that the findings of the court as to the want of jurisdiction over the defendant are so palpably contrary to the facts that a citation of law is hardly necessary. The defendant was served, he appeared in the action, went to trial upon the issues made in the manner prescribed by law, contested all issues made, and upon what theory of the law and upon what fact the trial court based its finding and conclusion as to the want of jurisdiction over the persons is absolutely beyond our comprehension. Jurisdiction is acquired over persons in this state by service of summons, and where no summons has been served the civil practice act provides that a voluntary

appearance of a defendant shall be equivalent to personal service of summons upon him. (Comp. Laws, 3130; *Rose* v. *Richmond M. Co.*, 17 Nev. 26; *Frankel & Co.* v. *Creditors*, 20 Nev. 49.) We respectfully submit that it is a novel proposition, to say the least, for a person to appear in court, and under the terms prescribed by law ask the court to determine some matter in his favor, and, after the court has determined the matter against him, to say in another proceeding that that determination was void because the court had no jurisdiction over his person.

*U. S. Webb* and *E. R. Dodge*, for Respondents:

I.   It was contended on the argument that Martin Gulling was in court and therefore subject to the jurisdiction of the court. He was in court, it was true, but there for the purpose of the original action commenced by the Farmers' and Mechanics' Savings Bank to foreclose its lien, and to which he had been made a party. He was there to represent his interests as a lien holder, as shown by his answer of March 8, 1897. In other words, he was there to represent the interests as they stood at the date of the filing of his answer and upon the facts appearing in the complaint of the Farmers' and Mechanics' Savings Bank and in the answer filed by him, and he can complain now of no judgment that was proper under the issues as made by the original complaint and his answer thereto, for jurisdiction over him had been acquired by the court for the purpose of such a judgment, but it is for the purpose of such judgment only that jurisdiction had been acquired. In fact, the purpose of this appearance of Martin Gulling in the original action is plainly stated in the answer filed by him. That statement of his purpose in appearing is plainly stated, is quoted in appellant's brief, and is as follows: "The defendant, Martin Gulling, in obedience to the summons herein issued and served upon him, and answering the summons and complaint herein, declares and alleges as follows." Any relief, therefore, against Gulling granted upon the complaint of the Farmers' and Mechanics' Savings Bank and the answer thereto of Martin Gulling would conclude him and those

claiming under him.   The relief, however, in that action granted by the court was not measured by the answers of the various witnesses to the complaint to foreclose the trust deed filed by the Farmers' and Mechanics' Savings Bank. As before suggested, on July 31, 1897, the Washoe County Bank appeared in that action and filed a pleading which it denominated an answer, and which, by it, is in the answer in this case repeatedly denominated an "answer and cross-complaint." In this pleading is set out the purchase by it from Pollock, Pollock & Powell of the property in question on February 23, 1897; also the purchase by it at the trustees' sale of March 20, 1897; it alleged itself to be the owner in fee of said property free and clear of all liens and incumbrances and asked a decree accordingly.   The only relief justified by that pleading, and prayed for therein was affirmative in character and particularly directed against the plaintiff in this action, Martin Gulling.

It will be remembered that the action was brought for the purpose of foreclosing the lien in favor of the Farmers' and Mechanics' Savings Bank, and that the Washoe County Bank was a necessary party defendant by reason of the conveyance to it of February 23, 1897, by Pollock, Pollock & Powell, and that Gulling, perhaps, was a proper party thereto by reason of his junior mortgage of August 31, 1895. Prior to the filing of the so-called answer of the Washoe County Bank on July 31, 1897, however, the indebtedness pleaded in the original complaint had been paid, satisfied, and discharged, and the bank had gotten its money. All that it sought to have accomplished in that action had been accomplished through another proceeding and there remained nothing to litigate.   The lien of the trust deed having been so extinguished through that extinguishment and through the conveyance of Pollock, Pollock & Powell to the Washoe County Bank of February 23, 1897, the Washoe County Bank became the owner in fee of the premises, subject only, so far as this case is concerned, to the lien of plaintiff's mortgage. This was the condition at the time the so-called answer of the Washoe County Bank was filed, and in that so-called answer the fact that the claim of the Farmers' and Mechanics' Sav-

ings Bank had been satisfied was made to appear, as well as were the two conveyances to the Washoe County Bank referred to. No relief was asked against the plaintiff in that action, but the so-called answer did ask that the bank be decreed the owner of the property in fee, free and clear of all incumbrances, and particularly of the lien of plaintiff's mortgage. Thus it was sought to convert an action for the foreclosure of a lien into an action to determine and adjudicate title. More than that, not only was it so sought to change the character of the action, but it was sought to change the relation and attitude of the parties by eliminating entirely from the proceedings the plaintiff, and obtaining from codefendants the only relief prayed for. If Gulling had pleaded to this cross-bill, it may be that he would have been bound by any decree based upon the issues raised by the cross-bill and his answer thereto. For the purposes of this case it need not be disputed that, had he been served with process issued upon this cross-bill and had he made default, he would have been bound by any relief granted proper under such cross-bill. These admissions, however, are made solely for the purpose of illustration. Gulling was not served. Therefore default could not be taken against him. He did not appear. Therefore there were no issues joined upon which the court could measure rights and grant relief. Repeating, Gulling, it is true, was in court and in that case for the purposes of the original action, but it seems quite apparent that he had never been brought into court nor into that case for the purposes of the cross-bill of the Washoe County Bank, and, not having been so brought in, he cannot be bound by relief granted in a proceeding to which he was not made a party.

II. If plaintiffs are at this time not entitled to have their mortgage foreclosed, it is because they are estopped therefrom by a former adjudication, but the judgment relied upon here was pronounced in a proceeding to which the holder of the mortgage was not made a party, and therefore the court so pronouncing that judgment had no jurisdiction over the person of Gulling, or over the subject-matter of his lien. "*Res judicata* is whatever has been finally decided by a court

of competent jurisdiction—proceeding according to the forms of law—by a valid sentence on a matter alleged, and either denied or expressly or impliedly confessed by the other; and it is conclusive evidence of that which it decides, between the same parties or those that represent them, litigating over the thing, under the same title and in the same quality." (1 Van Fleet's Former Adj. p. 11.) Ordinarily the defendants in an action are not, as between themselves, adversary parties. They may become adversary parties only when one files a pleading in the nature of a cross-complaint upon which affirmative relief is asked against another. When this is done, the parties to a cross-complaint lose their identity as defendants and for the purposes of such cross-complaint assume the relation of plaintiff and defendant. When this relation is created, for the purposes of the subject-matter of the cross-complaint they become adversary parties, and the defendant to the cross-complaint is entitled to all the rights of an adversary, among which will be found the right to be served with, and the right and opportunity to plead to, such cross-complaint. Until these rights and opportunities are afforded, jurisdiction for the purposes of the cross-complaint has not been acquired and any judgment rendered cannot conclude the defendant to the cross-complaint. (24 Am. & Eng. Ency. Law, 731.) Adversary parties, as here used, does not mean adversary in point of interest in the subject of the suit, but does mean parties whose interests are placed in opposition or made adverse to the pleadings. (*Ostrander* v. *Hart*, 130 N. Y. 413; 24 Am. & Eng. Ency. Law, 732; *Jones* v. *Vert*, 121 Ind. 140.)

III. Counsel, in their opening brief, and at the oral argument, contended that under certain conditions paramount title could be determined in an action to foreclose a mortgage. This we do not dispute. In no foreclosure, however, can the question of paramount title in a defendant be litigated except by the consent thereto of such defendant, and this consent can be evinced in no other way than by a pleading on his part which tenders or joins issue upon that question. When this is done the authorities are uniform upon the proposition that the court of its own motion may decline

to entertain the question; in other words, that, when issue has been so joined, the court may entertain jurisdiction of the question, or the court may decline so to do. With the many cases cited by appellant in its brief and recited on oral argument to this point we have no complaint. They are cases of lien foreclosure where paramount title of defendant was determined, but in each of them, issue between plaintiff and defendant by the pleadings was joined upon that question. To this last statement, *Goebel* v. *Iffla*, 111 N. Y. .170, constitutes an exception. That was foreclosure, and the complaint averred that the defendants claim an interest, etc., which was "subsequent and inferior to the lien of plaintiff's said mortgage and is subject and subordinate thereto." It appeared affirmatively that defendants were regularly served with process and made default. Upon this state of facts the court held that the judgment holding that defendants' interests were subsequent was valid, thereby treating their action in defaulting as a consent to the court's jurisdiction. This, however, is the only case cited, and the only one which we have found where judgment by default is held conclusive against paramount title and is opposed to the entire current of authority on the subject. It may be advantageous to consider some of the other cases relied on by appellant. *Helck* v. *Reinheimer*, 12 N. E. (N. Y.) 37: Defendant answered, pleading paramount title, and upon this plea issue was joined. The parties went to trial, the court entertained jurisdiction and rendered judgment pleaded by the defendant. On appeal it was claimed that the court erred in trying title in foreclosure suit. The appellate court held that, issue having been joined upon that question, it was the privilege of the trial court to say, or refuse to try it. The court having heard the evidence addressed to this issue and rendered judgment thereon, such judgment was valid and binding. The parties having voluntarily submitted to the court this issue for determination were estopped to question its jurisdiction thereafter.

*Beronio* v. *Ventura County Lumber Co.*, 129 Cal. 232, was an action to quiet title, and it was contended that plaintiff had lost title by reason of the fact that, in some prior fore-

closure suit, he had been made defendant under an averment that the interest claimed by him was subsequent and subject to the lien of plaintiff's mortgage. The court uses the language quoted by appellant to the effect that, where issues are joined and parties consent to litigate the question of paramount title, the decree will be binding. It appeared that, in the mortgage foreclosure, defendant had answered denying that his title was subsequent or subject to that of plaintiff's mortgage, but the court held that this denial did not present an issue upon which the priority of title could be determined. Thus, in each of these cases, except in 111 N. Y., the pleadings had joined issue upon the question of paramount title, and thereby each party had not only consented to the court's determination, but had presented that issue to the court and prayed that it be determined. In the case at bar, no relief was granted upon, or in conformity with, the complaint of plaintiff, nor granted to or against such plaintiff. The only relief granted by the judgment was in favor of one defendant and against codefendants, and the only pleading upon which it can be claimed such relief was granted was the pleading filed by the Washoe County Bank, which was not a pleading adversely to the plaintiff in the action, but was in nature and purpose an original complaint in which the Washoe County Bank assumed the role of plaintiff, claiming upon matters wholly and entirely new affirmative relief against its codefendants and particularly against the defendant, Gulling. Gulling did not plead to this new matter and no default was taken against him, for he had not been served with process, and therefore the necessary steps to put him in default had not been taken. Gulling's answer was filed at the proper time, but he could not have in that answer pleaded to the new matter set up by the Washoe County Bank, for some of the matters set up were events occurring after his answer was filed, and the bank did not file its pleading until almost five months after Gulling had appeared. Upon this state of facts it certainly appears that if there ever was a case where a defendant should have an opportunity to answer an attack made upon his rights by a codefendant, this is preëminently such a case. The ques-

tion of title was not put in issue by the pleadings, nor was
the question of the rights of Gulling under his mortgage put
in issue, and therefore the judgment of the court thereon
cannot now be successfully pleaded against him. It is a
judgment upon a matter at issue in that case and in no
sense *res adjudicata.*

IV. It was contended in the oral argument and in the
brief for appellant that the pleading filed by the Washoe
County Bank in the original action was an answer pure and
simple, and, as such, no process issued thereon was required
to bring codefendants into court in order to gain jurisdiction
over them for the purposes of such answer and to bind them
by judgment awarding affirmative relief thereunder. In sup-
port of this contention section 3133, Comp. Laws, is cited.
This section provides that the only pleadings on the part of
the plaintiff shall be the complaint and demurrer to defend-
ant's answer, and the pleadings on the part of the defendant
shall be the answer and the demurrer to the complaint. Sec-
tion 3141, after making provision for denials, provides that
the answer may contain "a statement of any new matter or
counter-claim, constituting a defense, in ordinary and con-
cise language." Section 3142 provides that the counter-claim
mentioned in the preceding section "shall be one existing in
favor of the defendant and against a plaintiff," and the clos-
ing provisions of the section define clearly what may be
pleaded as counter-claim. It will be observed that section
3141 provides that the new matter stated in the answer may
be such as constitutes a counter-claim or a defense. Under
the plainest use of language this surely means that the defend-
ant may counter-claim against the plaintiff, and that he may
offer in his answer such new matter as constitutes a defense
against the pleaded rights of the plaintiff. It would surely
being doing violence to the term "counter-claim" to suggest
that the section means that one defendant could counter-
claim against a codefendant when no rights had been asserted
against the counter-claimant by such codefendant, and equal
violence would it do to suggest that the new matter mentioned
in section 3141 as constituting a defense could be set up as
the basis for affirmative relief against a codefendant. It is

quite true that the civil practice act contains no express authorization for a cross-complaint. It is also true that the Constitution of Nevada, sec. 6, art. VI, provides that district courts have jurisdiction in cases of both law and equity, and by section 14 of the same article it is provided that there shall be but one form of civil action, and that law and equity may be administered in the same action. The case instituted by the Farmers' and Mechanics' Savings Bank in 1897 was an action in equity, and the court had undoubted right to measure and determine the rights of all the parties to that action, so far as the pleadings therein set forth those rights. The pleading of the Washoe County Bank, we think, clearly was not the answer of the Nevada statute, but, on the contrary, it was the equitable cross-bill, pure and simple. Though not expressly authorized by the Nevada statute, it was entertained by the court, and judgment thereon pronounced, and for the purposes of the present case will, we apprehend, by this court be regarded as it was evidently regarded by the trial court. It cannot be regarded as pleading a counterclaim, for nothing is asked against the plaintiff in the action, nor can it be regarded as pleading new matter by way of defense, for in it no defense is sought to be made against the complaint of plaintiff. (*Rose* v. *Treadway*, 4 Nev. 460; Ency. Pl. and Pr. vol. 5, pp. 625–6.)

V. We have contended that Gulling cannot be bound by the judgment in this case because he was not made a party to the answer or cross-bill of the Washoe County Bank in the original case, nor had he been served with process therein so that this default could be entered. (Ency. Pl. and Pr. vol. 5, p. 658.) It is also the duty of a defendant filing a cross-bill to take the necessary steps to obtain the answer of the defendants thereto. (Ency. Pl. and Pr. vol. 5, p. 661.) The constitutional and code provisions of the State of Nebraska on the question at issue are in all substantial particulars the same as are the constitutional and statutory provisions of this state. Though the statute there does not in terms authorize a cross-bill, it has been held by the court repeatedly that in the absence of statutory provisions governing the practice and procedure the rules of chancery prac-

tice shall control.  (*Armstrong* v. *Mayer*, 95 N. W. (Neb.) 52;
Pomeroy's Code Rem. sec. 684.)

VI.  It appears from the records that the property is
worth $14,000.  At the time Gulling made his loan, so far as
the records show, the only lien upon the property was that of
the Farmers' and Mechanics' Savings Bank to secure an
indebtedness due them of $8,000 and interest.  Gulling's was
a second mortgage, and the property then was ample security
for both.  It appears in the transcript in several places, and
particularly in the findings, that Pollock, Pollock & Powell
were indebted to the Washoe County Bank upon unsecured
demands aggregating $5,200.  If plaintiff be denied a fore-
closure then, through a species of legerdemain, the Washoe
County Bank has succeeded in placing its unsecured demands
ahead of the Gulling mortgage.  Whether the purchases by
the Washoe County Bank, shown by the record and hereinbe-
fore referred to, place the title in the Washoe County Bank,
free and clear of the lien of the Gulling mortgage, is not the
question in this case.  All that we here ask is that the plain-
tiff's mortgage be foreclosed.  What plaintiffs will get under
a sale pursuant to such decree is another question and to be
determined at another time.  Plaintiffs ask here simply that
by the decree of foreclosure they be placed in a position to
subject the mortgaged premises to the satisfaction of their
lien, if on the facts the law entitles them so to do.  The facts
are that Gulling loaned his money and took a mortgage upon
property which was then ample security therefor; that he
commenced his action to foreclose within time and obtained
a decree of foreclosure, and this appeal is prosecuted to
defeat that judgment.  We believe that the rights of the
parties and the principles of equity entitle us to an affirm-
ance of the judgment appealed from.

*Cheney & Massey*, for Appellant, in reply:

I.  In the oral argument and the brief filed herein respond-
ents have abandoned the decision of the trial court and
undertake, by shifting their position, to sustain the order
denying the motion for a new trial and the decree entered
herein.  The decision of the trial court, expressed in clear

and trite language, based upon the facts of the case and the law as then presented, was that in said former action the court did not have jurisdiction of the subject-matter and of the parties thereto so as to quiet the title of the defendant to said property as was herein attempted to be done. Respondents abandon the court in this conclusion. They now say it was not so much a matter of jurisdiction of the subject-matter and of the parties, but the power to render the particular judgment, because no issue was made by the pleadings between Gulling and the Washoe County Bank in the former action. They contended that Gulling was in court for all the purposes of the complaint filed by the Farmers' and Mechanics' Savings Bank, but for those purposes only; and, after floundering in their brief upon this proposition, have cited no provisions of our statute in support of this contention, and have cited no rule of law, statutory or otherwise, upon which they or this court could base any such conclusion. To sustain any such conclusion the court must not only ignore the absolute and express provisions of the civil practice act of this state, but must also do some legislation—a thing, we apprehend, this court will not undertake. Our practice act has abolished in express terms all pleadings except such as are therein mentioned. "The only pleadings on the part of the plaintiff shall be the complaint, or demurrer to the defendant's answer; and the only pleadings on the part of the defendant shall be the demurrer, or the answer." (Comp. Laws, 3133.) The labored idea of respondents with respect to cross-bills and cross-complaints absolutely ignores this provision of the statute. The word "only," as used in our statute, is exclusive in its meaning, and limits absolutely and unqualifiedly the pleadings to those mentioned in the sections cited. If it does not mean this, if it is not exclusive of cross-bills and cross-complaints, then the legislature and years of practice in the courts of this state meant and mean nothing whatever.

II.   The statute, then, declares what the answer shall contain: First, denial of each allegation of the complaint, if verified; if not verified, a general denial of each allegation. Second, a statement of any new matter or counter-claim con-

stituting a defense, in ordinary and concise language. (Comp. Laws, 3141.) The subsequent section of the practice act defines a counter-claim. The answer of the Washoe County Bank in the former action comes within the definition of this section. It is a cause of action arising out of the transaction set forth in the complaint as the foundation of plaintiff's claim, or connected with the subject of the action. A reference to the answer of the Washoe County Bank in the former action discloses the fact that it set up the purchase of the property covered by the respondents' mortgage at public sale made by the trustee under the powers of the trustee, which the Farmers' and Mechanics' Savings Bank was seeking to foreclose in this action. In the language of the statute, it was a cause of action arising out of the transaction set forth in the complaint of the Farmers' and Mechanics' Savings Bank, and connected with the subject of that action. The prayer for relief by the Washoe County Bank in the former action was for a decree against Gulling, its codefendant, and as against the Farmers' and Mechanics' Savings Bank, the plaintiff, and such sale operated as a foreclosure of the trustee and as a bar to any equity of redemption that Gulling may have in the property under his mortgage, and vested the title to the property in the Washoe County Bank as completely and fully as though the sale had been made under the decree of foreclosure and the time for redemption had expired. This the court decided in favor of the Washoe County Bank, not only as against the Farmers' and Mechanics' Savings Bank, but as against Martin Gulling and the other defendants to that action. No other pleadings than those on file and offered in evidence in this action were necessary to enable the court to herein determine the question of law and fact as it was so heard and determined. "Every material allegation of the complaint, when it is verified, not specifically controverted by the answer, shall, for the purpose of the action, be taken as true. The allegation of new matter in the answer shall on the trial be deemed controverted by the adverse party." (Comp. Laws, 3160.) No pleading was necessary as against the answer of the Washoe County Bank. In a former proceeding to make or raise an

issue between the plaintiff and the Washoe County Bank, or between Gulling and the Washoe County Bank, every allegation of the bank's answer in that action, under the section of the statute above quoted, was deemed controverted by the adverse party. Gulling could not, under our statute, have filed any pleading to this counter-claim had he so desired, either by way of answer or otherwise. The plaintiff could not have filed any pleading by way of answer or reply to the answer of the Washoe County Bank, had it so desired. Any such pleadings were unauthorized by the terms of the statute above cited. The pleading was not necessary under our practice. The law stated in section 3160, above cited, tendered the issue without pleading, and pleadings were limited, by the section first referred to, to complaints, demurrers, and answers. The power of the court under the proceedings of the civil practice act, which is the question now presented to the court, to render the decision it did in the former action, is unquestioned; and the contention in respondents' brief that the court had no power to render the decree in the former action because no issue was made, there being no pleadings filed by Gulling in response to the answer of the Washoe County Bank, is met and completely answered by the express provisions of our statute in the following language: "Judgment may be given for or against one or more of several plaintiffs and for or against one or more of several defendants; and it may, when the justice of the case requires it, determine the ultimate rights of the parties on each side, as between themselves." (Comp. Laws, 3243.)

III. This provision follows the provisions before cited with respect to the pleadings required under the civil code of this state, and, after declaring the only pleadings necessary and the only pleadings that can be filed by the respective parties to the action, the legislature has declared that the court may, in furtherance of justice, determine the ultimate rights of the parties to each side as between themselves. This the court did in a former action. It determined the ultimate rights between the Washoe County Bank, the purchaser under the trust deed, to the property as against Gulling, its codefendant, claiming an interest therein by a

mortgage that he confessed in his answer was subsequent
and subordinate to the rights of the Farmers' and Mechanics'
Savings Bank, holding the trust deed under which the sale
was made.    To contend, in the face of this express provision
of our statute, that the court had no power to determine the
ultimate rights as it did as between the Washoe County Bank
and Gulling in the former action is simply to ignore the pro-
visions of the section last cited.    To insist that the court, in
order to determine the ultimate rights as between Gulling
and the Washoe County Bank, must have before it cross-bills
and cross-complaints, with answers and replies thereto, upon
the part of the respective parties to the suit, is simply to
ignore those express provisions of the statute conferring upon
the court the power which it actually exercised in that action,
and which Gulling, the Farmers' and Mechanics' Bank,
plaintiff, and the Washoe County Bank asked it to exercise.
It must be remembered that all the parties appeared on that
trial, as shown by the record in evidence, and submitted the
very issue that was actually determined by the court.    It
must also be remembered that nowhere within the civil
practice act of this state is found the words "cross-bill,"
"cross-complaint," "reply," "answer to the cross-bill or
cross-complaint," or "reply thereto."    Many of the states of
the Union have retained the cross-complaint known to that
old equity practice and require by provisions replies to the
answer, to the complaint, and answer to the cross-bill.    Our
code has simplified the matter and made such pleadings
unnecessary in order to form an issue between codefendants
as to their ultimate rights as to the property or question in
controversy, but has in effect tendered the issue itself.    In
New York, under the code of civil procedure, and which our
code now more nearly represents than any other of the code
states, a case was never at issue until a reply by the plaintiff
had been filed to the defendant's answer.    The New York
code also conferred upon the courts the power to determine
the ultimate rights of the parties on each side as between
themselves, and to grant to the defendant any affirmative
relief to which he may be entitled.    This is the substance of
the provisions of our act.    The courts of New York, in con-

struing this provision of their act, substantially the same as our act, have held that it was proper to grant relief as between defendants in reference to the claim made against them by the plaintiff, and as a part of the adjustment of that claim based upon the facts involved in and brought out by the litigation and investigation of that claim. (*Mechanics' and Traders' Savings Institute* v. *Roberts*, 1 Abb. 381; *Woodworth* v. *Bellows*, 4 How. 24; *Norburry* v. *Seeley*, 4 How. 73; *Kay* v. *Whitaker*, 44 N. Y. 566.) Such relief is given in order to do complete justice. (*Livingstone* v. *Mildrum*, 19 N. Y. 440.)

Under the decisions above cited, the decision of the trial court in the former action was justified. It was a part of the adjustment of a claim of the Farmers' and Mechanics' Savings Bank under its trust deed, based upon the facts involved, in and brought out by the litigation of that claim. The question there determined was whether the Washoe County Bank, purchaser under the trust deed containing power of sale, whether sale was made by Steinman and Cummings, the trustees named, operated as a foreclosure of the trust deed and barred any equity of redemption which Gulling had under his mortgage, which mortgage Gulling admitted to be subordinate to the claim of the Farmers' and Mechanics' Savings Bank. The decree was proper, under the rule announced in the New York cases, in order to do complete justice. If the sale, in effect, was a foreclosure, and operated as a bar to the equity of redemption of Gulling and vested the title of the property in the Washoe County Bank, free from and discharged of the lien of the second mortgage of Martin Gulling, it was proper and right for the court so to determine. It did so determine, and, as stated before, the only question, is whether or not the trial court had the power to determine that question under section 3243 of our statutes and the other sections relating to pleadings, cited and found in the civil practice act.

IV.   There has never been any controversy between counsel in this case as to what is *res adjudicata*. The only controversy that has arisen has been respecting the application of the rule of *res adjudicata* to the facts of this case. We

make no claim that all parties to the suit are necessarily concluded by the judgment or decree according to the rule set out by the authorities cited in respondents' brief. Only those matters are concluded which were actually adjudicated in the action, and only those parties are concluded who actually litigated the matters in the suit. The adversary parties in the former language of the Farmers' and Mechanics' Savings Bank, by the plaintiff's complaint and the answer of the Washoe County Bank, under the provisions of our practice act, were Martin Gulling, the plaintiff, and the Washoe County Bank. The answer of the Washoe County Bank in that action tendered an issue to Martin Gulling and to the plaintiff in the action. An issue was actually, as shown by the undisputable evidence, litigated and determined, and the court, under the section of the law above cited, determined, upon the litigation had, the ultimate rights of the Washoe County Bank as against Martin Gulling. Hence, the citation of authorities as to who are adversary parties, from New York and from the Am. & Eng. Ency. of Law in respondents' brief, cannot change the rule as it exists here under our statute, and can have no application to the facts of this case. Stress has been laid upon the case of *Jones* v. *Vert*, 121 Ind. 141, as supporting their contention that the questions presented by the answer of the Washoe County Bank in the former action were not and could not have been adjudicated by the court. The citation of this case was unfortunate, because it appears from the record in the action of *Farmers' and Mechanics' Savings Bank* v. *Gulling* that the four elements were present. There was a suit. There was a final judgment. The subject-matter of the suit, as shown by the answer of Gulling, the plaintiff's complaint, and the answer of the Washoe County Bank concerned the same subject-matter, and, fourth, there is the identity of parties in the adjudication there that there is in the action at bar, and the court, in the case of *Jones* v. *Vert*, say of that case: "The facts pleaded show all these elements were absent except the judgment." This statement is of itself sufficient to distinguish that case from the case at bar, for in the case at bar there was a suit, a final judgment, identity of subject-

matter, and identity of parties, and also an absolute and uncontradicted showing that these matters were actually litigated between all the parties.

V. Much has been said in respondents' brief and oral argument respecting cross-bills and cross-complaints and bringing in the defendant, Gulling, by service. There is no provision of our statute for process upon any pleadings other than a complaint. When a complaint has been filed and summons issued, the suit has been filed and summons issued; the suit has been instituted. (Comp. Laws, 3117.) From the time of the service of a summons in a civil action the court shall be deemed to have acquired jurisdiction and to have control of all subsequent proceedings. A voluntary appearance of the defendant shall be equivalent to personal service of summons upon him. (Comp. Laws, 3130.) Under these provisions the moment the summons was served upon Gulling, based upon a complaint filed with the clerk, the court acquired jurisdiction of Martin Gulling. It had jurisdiction of the subject-matter. Nowhere in the statutes of this state is there a provision making any other process necessary to give jurisdiction over subject-matter and person. Martin Gulling appeared in that action, and if process had been issued upon the answer of the Washoe County Bank and served upon him, such process would have been unauthorized and should have been stricken from the files on motion. It is not, therefore, necessary to go to the decisions of other courts where the practice act is different for the purpose of finding authority sustaining the jurisdiction of the court. No one, to our knowledge, in the history of the jurisprudence of this state has ever heard of a process issued upon a counter-claim for the purpose of acquiring jurisdiction to grant affirmative relief against a codefendant. It is something absolutely new. Even if there were any authority in this state for process upon an answer against a codefendant, under the section last cited a voluntary appearance of the codefendant was equivalent to personal service of the summons upon him, and the record herein shows that Martin Gulling not only voluntarily appeared to the original complaint, but, upon the trial of the proceeding, appeared

and contested the Washoe County Bank's right to the relief it sought.

VI.   The appearance of Martin Gulling to the action, and his voluntarily submitting all issues that could have been raised between himself and the Washoe County Bank upon the bank's answer, was a waiver 'of any right to plead thereto, and was not even an irregularity which should have reversed that judgment on appeal to this court.   Conceding, for the purpose of the argument, and for that purpose alone, that Martin Gulling should have, under the practice act of this state, filed some kind of a pleading—just what no one seems to know—to the answer of the Washoe County Bank in the former action in order to make an issue between the bank and him, his appearing thereto, as shown by the record, and his submission to the court for trial of every issue that could have been raised by any pleading he could have filed thereto, operated as an absolute waiver as against him of any irregularity for the want of such pleading.   This contention is supported by an abundance of authority.   In California, where cross-complaints are allowed by the practice act, the supreme court of that state has held that where a case is tried upon the theory that the issues are properly joined in the trial court and no objection or exception taken there, it is too late to raise such objections in the supreme court.   (*Kirsch* v. *Kirsch*, 23 Pac. 1082; *Hiatt* v. *Board*, 65 Cal. 481; *Spiers* v. *Duane*, 54 Cal. 176; *Cave* v. *Crafts*, 58 Cal. 141; *Van Maren* v. *Johnson*, 15 Cal. 313; cited and approved in *Ennor* v. *Raine*, 27 Nev. 216.)   In the State of Iowa it has been decided by the supreme court that, where all parties proceeded on the theory that the facts stated in the cross-bill were properly in issue, it cannot on appeal be contended that they were not. (*Ware* v. *Delehaye*, 64 N. W. 640; *Medland* v. *Walker*, 64 N. W. 797.)

The Supreme Court of Idaho under their practice act has held that when a cross-complaint is not answered and the defendant proceeds to trial as though answer had been filed, he thereby waives answer.   (*Conant* v. *Jones*, 32 Pac. 250.) The Supreme Court of Indiana has held that where parties go to trial before the case is actually at issue they waive all

questions which would otherwise be available to them because of necessary pleadings. (*Citizens' Bank* v. *Bolen*, 23 N. E. 147; *Lange* v. *Dammier*, 21 N. E. 749; *Trentman* v. *Eldridge*, 98 Ind. 525; *June* v. *Payne*, 107 Ind. 307; *Johnson* v. *Driscoe*, 92 Ind. 367; *City of Warsaw* v. *Dunlap*, 112 Ind. 576; *Casad* v. *Holdridge*, 50 Ind. 529; *Lewis* v. *Bortsfield*, 75 Ind. 390.) The authorities upon this point (not specifically sighted because of their number) are collected in the 39th volume of the Century Digest, secs. 1351, 1376, 1389, and 1393. How, then, can it be for one moment contended, under the facts of this case, that the judgment rendered in the former action was not conclusive? Under the authorities cited, if Gulling had appealed to the court from the judgment in the former action and had raised objection to the judgment upon irregularity, for the reason that he had filed no pleading thereto, this court would not have been justified in holding that such failure was even an irregularity for which the judgment should be reversed. If not an irregularity justifying reversal, how can it be claimed in this action that the failure of Gulling to plead to the answer in the nature of a counter-claim of the Washoe County Bank in the former action renders the judgment a nullity and subject to collateral attack in this action? The court must remember that it is undisputed, and not only undisputed, but shown by the record in this action, that Gulling appeared to the former action and filed his answer asking the foreclosure of his mortgage, admitting therein that the claim of the Farmers' and Mechanics' Savings Bank secured by the trust deed was a prior lien and claim against the same property; that pending said action the trustees, Cummings and Steinman, sold the property under the powers contained in the trust deed, after due notice as required by the trust, and actual notice to Martin Gulling of such sale to the Washoe County Bank; that the Washoe County Bank having been served in the former action with summons, appeared to that action, and filed its answer, as heretofore indicated, asking for affirmative relief against the Farmers' and Mechanics' Savings Bank and against Martin Gulling; that Gulling, the Washoe County Bank, and the Farmers' and Mechanics' Savings Bank appeared before the

court at the time set for trial and went to trial; upon Gulling's answer asking for a foreclosure, upon the answer of the Washoe County Bank asking that its purchase be declared a foreclosure and a bar of any equity of redemption in the property, contested every point that could be made by the answers of the Washoe County Bank and Gulling, and submitted those matters to the court and the same were decided in favor of the Washoe County Bank. The record shows conclusively that the case was tried by Gulling and by the Washoe County Bank upon the theory that every issue tendered by the bank by its answer to Gulling and the other defendants and the plaintiff in the action was at issue. That judgment was not appealed from. It remains in full force and effect, and any irregularity therein, if such exists by reason of the want of a pleading by Gulling to the answer of the Washoe County Bank, under the authorities, by his own conduct he waived, and he could not even have been heard on an appeal from that judgment to this court to say that the case should be reversed by reason of the fact that the case was not at issue for the want of such pleading. He invoked the decision of the court upon the points it decided. He asked for relief of the court and for its decision upon the points that the court decided, and having submitted his case upon the theory above indicated, and having asked the relief of the court, upon the theory of the facts and the law presented, he cannot be heard to say, after the decision has gone against him, that the judgment is an absolute nullity because he failed to interpose a pleading, after having every question upon trial decided against him that could have been raised by any pleading he could have filed in response to the answer of the Washoe County Bank.

VII. There is another view which may be taken of the pleadings in the former action as shown by the record which, under conditions most favorable to the respondents, shows conclusively that the case was at issue, and this view may be supported upon the theory that pleadings such as claimed by respondents were necessary. The Farmers' and Mechanics' Savings Bank, plaintiff in the former action, commenced its suit to foreclose a trust deed. Gulling was made a party to

that action and, in response to a summons, came and by answer in the nature of a counter-claim admitted the priority of plaintiff's rights as set up in its complaint, and affirmatively alleged an interest in the property under his mortgage, and asked that it be foreclosed, the land sold, and out of the proceeds, after satisfying plaintiff's claim, if there were sufficient funds, that he be paid. The Washoe County Bank, in response to the summons, subsequently filed an answer in the way of counter-claim to plaintiff's complaint, asking for affirmative relief against the plaintiff, and which was also an answer to the counter-claim of Martin Gulling, in which answer the Washoe County Bank set up the sale and purchase of the property at the trustees' sale, and claimed as a matter of law that by virtue of such sale Gulling was not entitled to a foreclosure of his mortgage as sought by him in his counter-claim, for the reason that the sale so made under the powers in the trust deed foreclosed any equity of redemption which Gulling had in the property. Here, then, was an issue tendered in the first instance by Martin Gulling in his counter-claim, an issue involving his right to have a foreclosure of his mortgage and the sale of the property for its satisfaction. That issue was accepted by the Washoe County Bank by its answer upon facts claimed by it, if established, barring the right of Gulling to have the mortgage foreclosed. Then, as between Gulling and the Washoe County Bank there was an actual issue of law and fact tendered by Gulling and made by Gulling's counter-claim and the answer of the Washoe County Bank. Gulling, having asked a foreclosure, and the bank, upon the facts set up in its answer, having said he was not entitled to such foreclosure, as between these codefendants the case was actually in issue, and the record in the former action discloses the fact that that issue was actually tried between Gulling and the Washoe County Bank. The decision of the court in the former action, which is a part of the record in this case, shows precisely what was heard and what was determined. Quoting from the decision, the court said:

"There is no serious controversy concerning the facts of this case. The real issue is one of law between the defend-

ants, the Washoe County Bank as purchaser under the trustee sale, and Martin Gulling as mortgagee under a mortgage made subsequent and subject to the conveyance called a trust deed and by virtue of which the sale was made. Whether the instrument made by defendants, James Pollock and wife and James Powell, March 1, 1893, to Steinman and Cummings in trust for the plaintiff, is, in legal effect, a trust deed or mortgage with power of sale, is not deemed material. The most favorable contention that could be urged for defendant Gulling is that it is the latter. Conceding, for the purposes of this decision without deciding it, that that instrument is a mortgage within the meaning of the provisions of the practice act of this state, the material question is presented whether a sale created by that instrument forecloses the equity of redemption and invests the purchaser at such sale, when regularly and fairly made, with a title to the property mortgaged and sold free from any and all liens or encumbrances placed thereon by the mortgage subsequent to the record of the mortgage under which the sale is made."

It is well here to call the court's attention to the fact that in the former action the court decided a question not involving paramount title which now has been abandoned by respondents, but a question which it had a right to decide even in foreclosure, and that question was whether or not Gulling, by virtue of the sale under the trust deed, was barred of his right of foreclosure and any equity of redemption in the premises. That question was squarely tendered by the answer and counter-claim of Martin Gulling, asking for a foreclosure of his mortgage. It was squarely and fairly raised by the answer of the Washoe County Bank, setting up its rights as purchaser under the trustees' sale. Every question affecting the validity of that sale and the right of the purchaser thereunder was put in issue by the counter-claim and answer of the Washoe County Bank, and it seems to us absurd for respondents to come into this court and claim that, after tendering an issue of law and fact by a counter-claim, which issue is squarely met and made by answer to that counter-claim, on the part of the Washoe County Bank, and having come into court and offered evi-

dence in support of those issues, having submitted the question to the court for its decision, and having had the question decided adversely upon that proposition, to now, for one moment, in view of the pleadings presented and the record in the former case, declare that no issue was ever presented, and that therefore the judgment was absolutely void.

VIII. By the answers of Martin Gulling and the Washoe County Bank in the former suit a direct issue was made of the right of Gulling to have the mortgaged property sold to pay his debt. Gulling had a second mortgage on the property described in the trust deed set forth in plaintiff's complaint in the former suit. By his answer he sought to foreclose that mortgage. In his answer he prayed: "That his rights be adjudicated and determined in this action; that he have judgment against said defendants; * * * that the usual decree be made; that the premises described in said mortgage be sold; * * * that the proceeds of said sale be applied in payment and satisfaction of any judgment this defendant may obtain herein."

In the answer of the Washoe County Bank, subsequently filed, it is alleged: "That all other equities in and to said property are foreclosed and barred, and particularly all the equities of the defendants, M. Gulling, James Pollock, * * * if any there are in their favor, foreclosed and barred. * * * That any claim, lien, or demand in and to or against the property above described, by any of the defendants, be foreclosed and barred except claim of defendant herein, and particularly that claim, lien, or demand of Martin Gulling, James Pollock, * * * and any claim, lien, or demand of each of them against said property be declared to have been foreclosed at the time and date of the sale of said property, on the 20th of March, 1897, and that from said sale, time, and date, they and each of them and any claim, lien, or demand that they or any of them had preceding said sale, time, and date, was then barred, and is foreclosed."

Here are two distinct pleadings: (1) Gulling alleging that he had the right under his second mortgage to have the mortgaged premises sold and the proceeds applied in pay-

ment to his debt; (2) the Washoe County Bank in its pleadings alleging that by reason of the sale by the trustees under the trust deed the right of every person, and particularly Gulling, to have the property or any part of it sold to satisfy his debt, had been foreclosed and barred; and that is the issue which the court in its decision not only says it tried, but says it was the material issue which there was to try or which it did try. Two defendants to an action asserted adverse rights, one by its pleading claiming it had a right to do a certain thing, the other claiming it had not the right. If that does not present an issue, especially when the parties accept it in the form in which it was pleaded and go to trial upon it without questioning the sufficiency of the pleading, it is difficult to understand how an issue can be raised; and this question, to wit, the right of Gulling to have the property described in his mortgage sold to satisfy the debt, is the only question raised by the present action, and if he may now again litigate that question, we see no reason why he may not do so subsequently, notwithstanding any decision which may be rendered in this suit.

IX. Much was said upon the argument respecting the equities of Gulling under his mortgage, and something has been said by counsel in their brief respecting the same matter. It is well that this court should have its attention called to the actual equities of the parties existing under the facts of this record. Martin Gulling's equities, by his own admission, were subject and subordinate in time, by many years, to the rights of the Farmers' and Mechanics' Savings Bank. This he admitted in his answer, and the same fact is conclusively shown by the record. The Washoe County Bank, upon an expenditure of nearly $10,000, succeeded to the rights of the Farmers' and Mechanics' Savings Bank in order to protect its unsecured claim against the Pollocks and Powell. Gulling had actual notice of the sale by the trustees under the trust deed, and paid no attention whatever to such sale. To protect his interests he should have attended the sale and succeeded, as did the Washoe County Savings Bank, to the interests of the Farmers' and Mechanics' Savings Bank.

The rights of the Washoe County Bank were not only set

up by its answer as superior to any rights of Gulling in the former action, but by a separate answer in this action those rights were again pleaded, and in the former and last action the record discloses the superiority of the rights of the Washoe County Bank as to the amount of nearly $10,000 paid out by it in 1897. As against its claim no proof was offered, and in support of its claim the record establishes conclusively every superior and prior right in this action. Notwithstanding the fact that the Washoe County Bank had succeeded to those rights, Gulling makes no tender, either by pleading or otherwise, of any amount sufficient to satisfy the claim of the Washoe County Bank. Not only does he not make any tender, but makes no offer for the ascertainment of the rights of the Washoe County Bank for the money paid out in discharge of the lien that he admits was superior to any lien or claim of his. The court and counsel absolutely ignore the rights of the Washoe County Bank in this action, and, without requirement of satisfaction of any claim to which the Washoe County Bank was entitled, it having been subrogated to the rights of the Farmers' and Mechanics' Savings Bank by its purchase, the court decrees absolutely the sale and foreclosure of this property, without regard to any equity which the Washoe County Bank has; and we therefore confidently submit that, upon the equities of the case, upon the pleadings, upon the former adjudication of the matter, the respondents are not entitled to a foreclosure and sale of the property. If so, litigation, which the constitutional laws of the state intended to be speedy and adequate for the determination of conflicting rights between parties, becomes interminable, and judgments by a court of competent jurisdiction, having jurisdiction of the person and subject-matter, deciding issues upon pleadings and the only pleadings known to law, where the issues are tendered and certain, and where absolute and exact justice has been done, and where the case has been determined according to the equities of the parties, would become absolutely worthless and determine nothing whatever.

X. In the opening of our brief, in the discussion of the question as to whether or not the former action was at issue

between Gulling and the Washoe County Bank, we omitted to call the attention of the court to a provision of our statute in support of the contention that the only pleadings authorized by the law were the complaint, answer, and demurrers provided for in the sections heretofore cited. That the legislature of the state intended to exclude the idea of cross-bills or any other form of pleading other than those mentioned, is expressly declared in section 3132 of the Compiled Laws in the following language:

"All the forms of pleadings in civil actions, and the rules by which the sufficiency of the pleadings shall be determined, shall be those prescribed in this act."

Had the legislature intended that other forms of pleadings were essential for the purpose of presenting an issue between codefendants, the above section of the statute would never have been enacted. The language of the provision is mandatory. "Shall be" means *must*, and when construed with the subsequent sections of the statute which say that the "only" pleadings shall be so-and-so, the matter, independent of the decisions of the courts of other states, has been determined by the legislature of this state, and authorities from other states where the statutes are silent, or contain no such mandatory terms as are found in ours, have no application whatever.

XI. We conclude, therefore, all matters in this action having been litigated in the former action between the parties upon issues properly made under the practice act of this state, and having been actually tried and determined by the court, that the right of Gulling to a foreclosure is barred, and that the trial court erred in entering the decree of foreclosure in this action and in denying appellant's motion for a new trial.

By the Court, TALBOT, J.:

On March 1, 1893, James Pollock, his wife, Delia, and Daniel Powell, who are admitted to have been the owners at that time, executed to B. U. Steinman and C. H. Cummings, as trustees, a trust deed for certain property near Reno to secure the payment of a promissory note of the

same date, given by the Pollocks and Powell to Farmers'
and Mechanics' Savings Bank of Sacramento, for $8,000 and
interest.   This deed directed the trustees, in case of default
in payment, to sell the property at Sacramento after giving
notice, to apply the proceeds in satisfaction of the note and
costs of sale, and to pay any excess to the grantors.   On
August 31, 1895, the Pollocks and Powell executed to Mar-
tin Gulling a mortgage on the same premises for $2,082.60
and interest thereon from that date at 8 per cent per annum,
which is sought to be foreclosed in this action, and which
specified that it was given subject to the trust deed.   On
February 23, 1897, the Pollocks and Powell conveyed their
interest in the property to Washoe County Bank for a stated
consideration of $14,000, which comprised the amount of
$8,800, estimated to be due the Farmers' and Mechanics'
Bank of Sacramento on the note secured by the trust
deed, and $5,200 due from the Pollocks and Powell to the
Washoe County Bank on unsecured notes which were sur-
rendered to them.   On February 26, 1897, the Farmers' and
Mechanics' Savings Bank commenced suit to recover the
amount due on its note stated at $8,639.73, and for a fore-
closure of the trust deed and sale to satisfy that amount
against the Pollocks, Powell, Thomas E. Haydon, Henry
Anderson, John Doe, Richard Roe, Michael Doe, B. U.
Steinman, and C. H. Cummings.   Neither Martin Gulling
nor the Washoe County Bank were named as parties in the
complaint, but both were served with summons under the
fictitious designations of defendants who were alleged to
have some title, claim, or interest which was second and
subordinate to the right of the Farmers' and Mechanics'
Bank arising from the trust deed.   On March 8, 1897, Martin
Gulling filed an answer in that action, in which the name of
Washoe County Bank is not mentioned in the title, body, or
prayer.   It stated that its allegations were made "in obedi-
ence to summons therein issued and served upon him and
answering the complaint therein."   In this answer he admitted
the priority of the claim of the Farmers' and Mechanics' Sav-
ings Bank under the trust deed, thereby avoiding any real
issue with the plaintiff, but he alleged the execution of the

mortgage to him by the Pollocks and Powell, and that other persons claimed an interest in the premises which was subsequent to his mortgage, and he asked for judgment against the mortgagors for principal, interest, and attorney's fees, for the usual decree of sale, and that the proceeds be applied, first, to the satisfaction of any judgment which Farmers' and Mechanics' Bank might obtain, and, second, to the payment of any judgment he might recover, that he have execution for any deficiency against the Pollocks and Powell, and that they, Thomas E. Haydon, Henry Anderson, B. U. Steinman, and C. H. Cummings, and all persons claiming under them subsequent to the execution of his mortgage, be barred and foreclosed of all right, claim, or equity of redemption. On March 20, 1897, twelve days after Gulling filed his answer, Steinman and Cummings, acting as trustees, and after notice given, sold the property at the courthouse door at Sacramento to the Washoe County Bank for $9,100, the amount due the Farmers' and Mechanics' Bank on the note secured by the trust deed and the sum estimated for costs. Over four months later, and on July 31, 1897, Washoe County Bank filed its answer without naming Gulling in the title, and prefaced its averments with the recital that, "as required by summons served on said bank, and answering said summons and the complaint filed in said action," it made its allegations setting out the execution of the trust deed, the sale thereunder, and the deeds from Steinman and Cummings, as trustees, and from the Pollocks and Powell to Washoe County Bank. These facts, and they controlled the court later in its decision in that case, do not purport to be stated against Gulling. But directly after their statement, as so alleged in answer to the complaint, follows an allegation in the nature of a conclusion of law, "that the equities of all the other defendants, including Gulling, were foreclosed and barred," and a demand for a decree accordingly against them and the plaintiff. This answer does not in any part of it purport to allege as a cross-complaint, or in terms as against Gulling, the sale under the trust deed by the trustees to Washoe County Bank, nor does it appear to have been served upon him. He filed no demurrer,

answer, or reply to it, and the record indicates that he offered
no evidence regarding it. The case came to trial on January
14, 1898. The plaintiff, Farmers' and Mechanics' Savings
Bank, and the defendants, Washoe County Bank, Gulling,
and Anderson, each appeared by counsel and defendant Hay-
don in person.

It is stated in the findings that the plaintiff, having before
the hearing made and filed a disclaimer of all interest in the
action and an admission that Washoe County Bank had
succeeded to the interest of plaintiff, thereupon rested, that
Martin Gulling offered and submitted evidence and proofs
and thereupon rested, and that Henry Anderson, Washoe
County Bank, and "the defendants and each of them having
submitted evidence and proofs in support of the issues made
by them in their answers, the case was submitted to the
court." The fair inference from the language and from the
fact that he was the first to submit proofs is that he intro-
duced evidence to support the allegations of his answer
which averred the execution and non-payment of his mort-
gage, but that he did not offer any in relation to other facts
alleged in the answer of Washoe County Bank. The findings
and decree in that action disposed of the claims of these
other defendants, and found and declared that the sale and
deed made by the trustees was in accordance with the terms
of the trust deed and that by such sale and deed all the inter-
est in the property was conveyed to Washoe County Bank
clear of Gulling's mortgage, and that the latter was entitled
to a judgment against the Pollocks and Powell for the
amount due on his note, but not to a decree of foreclosure.
The findings recite that "defendant Gulling was made a
party to the action and was duly served with process
therein, and in due time filed his answer to plaintiff's com-
plaint," but it does not appear that there was any other
service upon him, or issue made that rendered him liable
beyond the allegations and demands of the complaint, or
that would cut off his rights by reason of the sale by the
trustees, which did not take place until after he had filed his
answer. The court found in both actions that $8,800, esti-
mated to be the amount due Farmers' and Mechanics' Bank,

and notes held by Washoe County Bank against the Pollocks and Powell for $5,200, unsecured after the execution of the mortgage by them to Gulling, constituted the consideration expressed at $14,000 for the deed from them to Washoe County Bank, and that the property was worth about that sum at the date of the trustees' sale and the time of trial. A blank space in the decree in the first action for judgment in the amount owing by the Pollocks and Powell to Gulling on his note and mortgage remains unfilled. The case now before the court was brought by Martin Gulling on June 9, 1902, against Washoe County Bank, as grantee, to foreclose his mortgage so executed on the premises by the Pollocks and Powell before they deeded to the defendant, and is now prosecuted by the representatives of his estate. The defendant pleads, by way of estoppel, the judgment in the former action, and claims that by it Gulling was, and his executors are, barred and foreclosed of all right to proceed against Washoe County Bank. The district court was of the opinion that in the earlier suit it did not have jurisdiction to make the judgment effective in quieting the title of appellant against Gulling, and it has now entered a decree of foreclosure and sale to satisfy his mortgage, from which this appeal is taken.

The important questions under the record and elaborate and interesting briefs are whether the matters relating to the trustees' sale, determined in the former action, were within the issues as between Gulling and appellant, and, if they were not, whether he waived the framing of issues so that he became bound by the decree. The facts stated in the complaint of Farmers' and Mechanics' Savings Bank averring the execution of the trust deed were not denied by any of the parties. The statute, at least in favor of the plaintiff, raised denials of the facts alleged in Gulling's answer. These were in regard to the execution and non-payment of his mortgage, and did not relate to the trustees' sale which took place after his answer had been filed, and therefore, if any issue existed regarding this sale it must have been founded on the answer of Washoe County Bank. On its behalf it is urged that the answers of Gulling and the bank made a direct issue of his right to have the property sold to pay his claim, but this is

dealing with conclusions, and not with facts on which issues are based. Gulling did not raise any issue regarding the trustees' sale, for his only answer was filed before the sale and before the answer of Washoe County Bank in which it was alleged, and did not mention the name of the latter.

On behalf of appellant it is urged that the only pleadings provided or allowed by the practice act for the allegation of facts are a complaint by the plaintiff and an answer by a defendant, and that in determining the rights of codefendants between themselves an answer is the only pleading permissible, and that its allegations are deemed denied by statute when it states a cause of action against a codefendant, the same as if it relates new matter against a plaintiff. For the respondent a different view is taken, and it is claimed, under *Rose* v. *Treadway*, 4 Nev. 460, 97 Am. Dec. 546, and other cases cited that ordinarily the defendants in an action are not, as between themselves, adversary parties; that they become such only when one files a pleading in the nature of a cross-complaint seeking affirmative relief against another; that, when this is done, they lose their identity as defendants, and for the purposes of the cross-complaint assume the relation of plaintiffs and defendant; that the one against whom the cross-complaint is filed is of necessity entitled to all the rights of an adversary, including that of being served with, and of having an opportunity of pleading to, the cross-complaint; and that, as the statute has failed to designate the methods of pleading between codefendants, equity practice must be followed. If it be conceded for the argument that the statute, as claimed for appellant, denies any new matter which one defendant may allege against a codefendant, and that no answer or reply thereto is required, it would still be a dangerous precedent, which we would be reluctant to establish, to hold that the statute denies for a codefendant facts not alleged against him, but stated in the answer of another defendant to the complaint, or that an issue would be raised against a codefendant by the mere filing without service of an answer containing new matter alleged against the complaint of the plaintiff. The answer of Washoe County Bank in the former suit not having been served

upon Gulling, and he having filed no demurrer, answer, or reply to it, which would have been a waiver of service, we feel constrained to hold that it raised no issue against him, and if we concede for the purposes here that denial by statute without any pleading in reply is sufficient between codefendants, such denial ought not to become operative before service. (*White* v. *Patton*, 87 Cal. 151, 25 Pac. 270; *Clements* v. *Davis*, 155 Ind. 631, 57 N. E. 905.) To hold otherwise or establish a different practice might cause litigants to suffer great injustice. An answer to a complaint ought to be served upon the plaintiff; but, if it is not, he may be expecting it, or, to secure a default, he could not obtain judgment without being aware of it, and would not be likely to go to trial without being prepared to meet the statutory denial in his behalf of any new matter it alleged. It is different between codefendants. Usually their interests are not adverse, except to the plaintiff, and one defendant may not expect that another defendant will set up a cause of action and seek a judgment against him, and, if he does, he should not be required to watch the court records, as Gulling could have done for more than four months after his answer was filed, to ascertain whether any of his codefendants filed a cross-complaint against him, in order that he might be prepared to meet it. Until he is warned by service of the pleading and demand or waives service or issue, he ought not to be bound by any judgment based upon it. If the Farmers' and Mechanics' Savings Bank, instead of Washoe County Bank, had bought the property at the trustees' sale and relied upon its purchase, necessarily it would have pleaded the facts by supplemental complaint, and they would not have been considered denied by Gulling's answer to the original complaint, and without service upon or waiver of service by him a valid judgment, based upon facts occurring after he had been served with the original complaint and filed his answer thereto, could not have been taken by default against him. In *Mitchell* v. *Mitchell*, 28 Nev. 110, 79 Pac. 50, we set aside the action of the district court whereby it granted a plaintiff relief not demanded in the complaint served upon the defendant.

That was pursuant to statute, but there is no more reason for holding a defendant liable on a judgment based on a cross-complaint or pleading of a codefendant without service than on one resting on a complaint of a plaintiff which has not been served. In neither case should the rights of the parties be concluded without service or a waiver thereof.

It is said that service of the answer of the Washoe County Bank will be presumed, if necessary, to support the judgment. "The judgment roll and the papers" in the first case were introduced on the trial and are brought here in the statement on appeal, and the case rests upon them, and not upon presumptions, and the burden of establishing estoppel is upon the defendant. If any admission or affidavit of service was made, it should be among those papers, but none appears, and therefore we must conclude that the answer was not served. The return of the sheriff and recital in the findings indicate that Gulling was served with summons, and the findings state that in due time he appeared and filed his answer to the complaint. Under these circumstances further service will not be presumed. (*Galpin* v. *Page*, 18 Wall. 366, 21 L. Ed. 959.) Beyond that appellant's answer in the present case does not allege that the answer of Washoe County Bank was served upon Gulling in the other suit and is defective in this vital respect. Its allegations follow the facts disclosed by the record of the former action which show no service, and it states the conclusion that by the filing of the former answer an issue was raised against Gulling.

Numerous cases are cited by appellant holding that, by going to trial on new matter alleged in the answer without a reply thereto, a reply is waived, even in states where the statute provides for one. If this be the rule ordinarily in actions between a plaintiff and defendant or where by cross-complaint new matter is alleged against a codefendant, and the latter appears and introduces evidence in regard to it, the rule ought not to apply to cases like the present one, where the codefendant is in court for other purposes and the answer is in reply to the complaint, and does not state the new facts as a cross-complaint, or cause of action against the codefendant is not served or replied to by him, and he intro-

duces no evidence concerning it, and other parties partici-
pate in the trial.    There being no service upon Gulling, no
demurrer, answer, reply, or testimony by him in relation
thereto, the allegations in the answer of Washoe County
Bank, stating the facts in relation to the sale and deed by
the trustees, which controlled the court and which are
directed against the complaint, and not against Gulling, are
too slender a thread to sustain the judgment against him.    As
respondent contends he could be in court for some purposes,
and not for others.    He could be bound as far as process or
proper allegations and demands had been served upon him and
to the extent that he had waived them or made other issues him-
self without becoming liable further.    This is well illustrated
by the finding, conclusion, and direction of the court that Gul-
ling have judgment against the Pollocks and Powell for the
amount due on his note and mortgage.    If the space left for
this in the judgment had been filled, or if the court had made
a decree of foreclosure in favor of Gulling, both would have
been void against the Pollocks and Powell for lack of service,
as is the judgment against them based on the trustees' sale,
and it has been held that, if one of the parties to a judgment
is not bound, the other is not.    They had been served by the
savings bank with complaint or summons seeking the fore-
closure of the trust deed and filed a demurrer.    For the pur-
poses of that complaint, and to the extent of its demands,
they were in court or were bound, but a judgment against
them for the amount or foreclosure of the Gulling note and
mortgage, when they had not been served with pleading or
process regarding these, would have been void.    The court
had jurisdiction of the subject-matter of all questions
involved in this litigation, but of the parties no further
than they presented themselves or were served with plead-
ings or process or waived service or issues.    If a complaint
and summons on a demand for $1,000 is served upon a
defendant, a judgment for $10,000 would be void, because
the district court would have jurisdiction over him to the
extent of only $1,000, while, so far as subject-matter is
concerned, it has jurisdiction in any amount.

The facts were quite different and the principle involved

distinguishable in *Maples* v. *Geller*, 1 Nev. 236. There an answer which did not demand judgment upon new matter was filed to the complaint, but not served. The question ·was not between codefendants. The court said that the filing of the answer gave it jurisdiction over the defendant. Stripped of dicta, that decision properly determined that the filing of an answer to the complaint without service prevents a judgment for the plaintiff by default, while here we hold that property rights cannot be lost or adjudicated upon an answer or pleading by a defendant seeking affirmative relief on new facts against a codefendant without service, or an issue or waiver.

Questions are presented upon the record in this case whether or not, under the provisions of the practice act of this state, the answers filed by Martin Gulling and the Washoe County Bank, in the suit instituted by the Farmers' and Mechanics' Savings Bank, in so far as they sought affirmative relief against codefendants, are answers as contemplated by our statute, or whether they are, in fact, equitable cross-bills. If the latter, whether or not, under the practice act, they are permissible pleadings, and, further, if permissible pleadings, whether or not the dismissal of the plaintiff's complaint would not require the dismissal of the entire proceeding. These questions, however, under the view we have taken of this case, are not deemed necessary to be determined.

The judgment and order of the district court are affirmed.

NORCROSS, J.: I concur.

FITZGERALD, C. J.: I dissent.

[Rehearing pending. See syllabus, page 450, *ante.*]