## ROBINSON VS. WINDHAM.

1. Under the plea of the general issue, in assumpsit on a note,— a defence of a breach of warranty of the property for which the note was given, is allowable.

2. And in a subsequent action on the case, brought to recover for the breach of warranty,—a special plea, that the same matters had been enquired into, in the defence to the note, and judgment rendered which remained unreversed, is good.

Error to Tuskaloosa County court.

Case for a false warranty.

Defendant in error sued plaintiff in the County court of Tuskaloosa county, for the false warranty of a negro man.    To the declaration, plaintiff pleaded—

1. The general issue.

2. A special plea, that defendant and himself had exchanged negroes, and that defendant gave him a note for the difference in value of the negroes :—that he (plaintiff,) had sued defendant on the note, in which suit the matters now complained of were enquired into, and that the jury had rendered a verdict for the plaintiff in error on the note, and that the judgment on the note still remained unreversed.    Plaintiff below took issue on the first plea, and demurred to the second—which demurrer

was sustained by the court.    The jury found a verdict on the issue joined for the plaintiff below.

The error assigned was, that the court sustained the demurrer to the second plea of defendant below.

*Attorney General,* for plaintiff in error.
*Phelan,* contra.

GOLDTHWAITE, J.—The judgment of the County court, on the issue of law arising from the plaintiff's demurrer to the defendant's plea, involves an enquiry into a principle of the common law of very universal application, though from the manner in which it is presented in this case, it may seem, on first impression, to be quite novel.    It is clear, that when a party has once submitted his claim or defence to the investigation of a court and jury, and a decision has been made on its merits, after a fair trial, satisfactory to those who are charged with the administration of the laws, he cannot be permitted again to litigate the same matter with the same adversary. This principle springs out of the necessity which exists, that a period should be fixed at which litigation shall cease, and the rights of suitors be considered as settled and determined.

It is sufficiently evident, that the termination of the first trial, when of the description mentioned, must furnish this period until the legislative power shall prescribe a different rule ; as otherwise, it will be impossible to arrive at any rule, by which it can be ascertained that the ends of justice have been accomplished.

This principle usually is developed, when a suit is in-

Robinson *vs*. Windham.

stituted for a cause of action which has previously received the judgment of a court of competent jurisdiction on its merits, and gives rise to the defences of former recovery or discharge, *autre fois convict, attaint or acvict*, and in these cases, is familiar to every lawyer ; but the same principle may, and frequently must, exist in cases where a defence to an action might, and ought to have been interposed : as, if a demand has been paid, and is, notwithstanding, recovered by suit at law, the defendant, after its satisfaction, will not be permitted to recover the sum paid, because this would be to litigate a matter which is concluded by the judgment.

There is no reason why a party should be permitted to litigate a matter which has received a judicial determination, when interposed as a defence, and should be debarred from a second trial, if he stands in the attitude of a plaintiff.

If the plaintiff in this suit, had sued the defendant on the warranty contained in the bill of sale, before the suit of the latter on the note given in exchange of the slaves, and a verdict had been rendered against him, it probably would not be contended that he might rightfully litigate the same questions, if sued subsequently on the note ; or if damages in his favor had been awarded in such an action, he would not be allowed, when sued on the note, to question the correctness of the assessment of damages, however small in amount, though he might be permitted to off-set the unsatisfied judgment against Robinson, if he should afterwards bring suit to recover the amount of the note.

If these positions are correct, it is not perceived how a

different rule can obtain, when the whole matter in relation to the breach of warranty has been litigated, in the first instance, as a defence to the note. The principle which ought to govern the cases seems to be identical, but it must be admitted, that its application may present some difficulty, when cases of a particular description shall arise : as, in the case of a warranty of a chattel, for which a part of the consideration is paid, and a note given for the residue ; the chattel proves to be worthless, and the warranty is broken, and this defence is successfully interposed to a suit for the amount of the note. Ought such successful defence to preclude the injured party from indemnification by suit on the warranty, for the amount of his injury not covered by the amount of the note ? If thus precluded, it is apparent that complete indemnity could not be attained by the sufferer; yet it is clear, if he was entitled afterwards to institute a suit for the breach of warranty, his adversary could not be denied the right to investigate the whole matter, and on the second trial, the jury charged with the suit, might come to a different conclusion from the one which passed on the same matter in the previous suit, which seems to be inconsistent with the general principle. We will not undertake to pre-judge such a case, but leave it to be determined in the ordinary course, whenever it shall arise.

The objection to the application of the principle, because unsound property is frequently sold by strangers, and persons who are unable to respond in damages, may be fully answered with the remark, that any cautious purchaser will deem it prudent to protect himself, by as-

Robinson *vs.* Windham.

certaining the ability of the seller, before the purchase is
made. The mere contingency, that loss may happen, is
not a sufficient reason to introduce new, or unsettle es-
tablished principles of law.

If authority of decided cases was necessary to estab-
lish these principles, which seem self-evident, it will be
found in the cases cited—(King vs. Fuller, 3 Caines, 152;
Smith vs. Jones, 15 John. 229; Philips vs. Berick, 16
John. 136; Miller vs. Covert, 1 Wend. 487.)

We will now examine the objections which are urged
against the form and substance of the plea on which
judgment was pronounced in the County court.

It is urged, that the record of the previous suit is not
formally vouched. It is unnecessary to determine, whe-
ther it was essential, in this case, to vouch the record, as
the omission of *the prout palet per reordum*, could only
be taken advantage of by special demurrer, previous to
the enactment of our statute of eighteen hundred and
twenty-four, (Aik. Dig. 277;) and as these demurrers are
abolished, the objection is not now available. No injury
in practice can ever result from this rule, because the
party can always put in issue the existence of a record,
by the proper plea or replication, if necessary so to do.

To the objection, that Windham, when sued on the
note, could not properly make the defence arising out of
Robinson's breach of warranty, on the plea of the gene-
ral issue, it will be sufficient to observe, that the contrary
rule has prevailed in this State, since the decision of the
case of Peden vs. Moore, (1 Stew. & Por. 71.) It is true,
this case was not determined on the plea of the general
issue, but in many of the cases which are cited in that

9 P                    51

case, as confirmatory of the principle decided, the identical defence arose on the general issue, under which any defence may be given in evidence, which shows that the plaintiff, *ex equo et bono*, is not entitled to maintain his action. In neither this or the subsequent case of Morehead vs. Gayle, (2 Stew. & Por. 224,) was any stress laid on the form of the pleas.

As Windham was authorised to make the defence of the breach of warranty, under the plea of the general issue, when sued by Robinson, on the note given as the difference between the value of the slaves, it is not necessary to consider whether he would be permitted, if the rule was otherwise, to deny the validity in point of law, of any defence actually interposed by him, and passed on by the jury.

Our conclusion is, that the facts of the plea, if true, make out a defence to this action, and as the plea is sufficiently formal, the demurrer should have been overruled.

The judgment of the County court is reversed, and the suit remanded for further proceedings.