REUBEN JONES, *Appellant, versus* JAMES W. PERKINS.

Parol evidence is inadmissible to prove that an award, upon which a judg- ment was rendered, was founded upon matters not presented by the plead- ings.

The parties exchanged horses, and agreed that, if the horse which the de- fendant let the plaintiff have, did not recover of his lameness within six months, defendant should pay plaintiff ten dollars. Subsequently the plaintiff brought an action against the defendant for deceit, which was re- ferred, and a judgment for ten dollars damages rendered upon the award. The horse did not recover, and this suit was brought to recover the boot money; — *Held,* that the defendant could not be allowed to prove by one of the referees that their award was for the boot money.

ON REPORT.

ASSUMPSIT for boot money agreed to be paid on certain conditions, by the defendant to the plaintiff, in exchange of horses.

The facts appear in the opinion.

*H. L. Whitcomb,* for the plaintiff.

The referees were limited to the subject matter contained

Jones *v.* Perkins.

in the writ. *Gay* v. *Willis*, 7 Pick., 217; *Manny* v. *Harris*, 2 Johns., 24.

The boot money was not due under the condition, when the former action was commenced.

Upon the point of admissibility of parol evidence, *Wood* v. *Jackson*, 8 Wend., 9; *Kitchin* v. *Campbell*, 3 Wil., 308.

*J. H. Webster*, for the defendant.

The sum sued for has been recovered in the former suit. Parol evidence is admissible to show it. *Sprague* v. *Wait*, 19 Pick., 455; *Dunlap* v. *Glidden*, 34 Maine, 517; *Rogers* v. *Libbey*, 35 Maine, 200; *Emery* v. *Fowler*, 39 Maine, 326, 332.

Former recovery need not be pleaded. 1 Chitty's Plead., 198, 478; *Howard* v. *Mitchell*, 14 Mass., 241; *Wood* v. *Jackson*, 8 Wend., 1; *Dunn* v. *Nims*, 3 N. H., 259; *Wight* v. *Butler*, 6 Wend., 288.

Tapley, J. — This is an action of assumpsit brought to recover the sum of ten dollars according to an account annexed.

The case comes to this Court by report, wherein " it is agreed, that the parties exchanged horses at Phillips, on or about Dec. 25th, 1863. That the horse which the defendant let the plaintiff have was lame at the time of said exchange, which lameness was then supposed to be in the left hind foot. . That it was agreed between the parties, that if said horse recovered of his lameness, or plaintiff put him away before the end of six months, they should swap even; but, if the plaintiff kept the horse six months, and the horse did not recover from his lameness within that time, defendant should pay the plaintiff the sum of ten dollars as boot. The plaintiff kept the horse six months, and he did not recover within that time."

The plaintiff, on the first day of April, 1864, brought an action against said defendant for deceit in the exchange of said horses, alleging lameness in the left hip or stifle, which action was entered at the April term of this Court, 1864,

and referred to Sylvanus D. Davis, James E. Thompson and Ira Fuller, who notified and heard the parties and made a report which was accepted at the October term of this Court, 1865, and judgment entered thereon against the defendant, which judgment the defendant has paid.

The referees reported, that they "award and determine that the within named Reuben Jones shall recover of said James W. Perkins the sum of ten dollars, and that each party shall pay his own costs of court, and that the said Jones and Perkins each shall pay the sum of four dollars and fifty cents of the costs of this reference, which is taxed at nine dollars."

The ten dollars here awarded, the defendant claims is the same he promised to pay if the horse did not recover from his lameness, and the same now sued for, and, to prove this fact, he offers the testimony of two of the referees, who testify substantially that the ten dollars allowed by them was not for deceit, but for the amount which the defendant agreed to pay.

The plaintiff and his counsel testify that they disclaimed all right to recover in that action, "the ten dollars as boot between the horses." The defendant and his counsel and the referees say they do not recollect any such disclaimer. It is not, however, contended by any that there was any authority given the referees to act upon matters not embraced in the action referred to them.

The plaintiff seasonably objected to the admission of the testimony of the referees, and now claims it is inadmissible as tending to contradict and vary the record.

The defendant does not claim that the record alone will constitute a defence, but claims that it is competent for him to show by parol evidence what in fact the award was made upon.

The *record* now shows the award was made upon the allegations of the plaintiff in his writ, none of which authorize the referees to allow the ten dollars now sued for. But the defendant says, they did in fact find for him on the allega-

tions of the plaintiff's writ, and did in fact allow the ten dollars now sued for, and that he has paid it; these facts he claims he has a right to show by this testimony.

There are cases where parol evidence is admissible in aid of the record.

Where it appears several issues were presented for adjudication under the declaration and pleadings of the case, and the record fails to show upon which in fact the judgment was rendered, it is competent in some cases to show the fact by evidence *aliunde*. *Dunlap* v. *Glidden*, 34 Maine, 517; *Rogers* v. *Libbey*, 35 Maine, 200; *Emery* v. *Fowler*, 39 Maine, 326; *Cunningham* v. *Foster*, 49 Maine, 68.

So, where a particular fact in controversy has been, by the same parties, under an issue legitimately raised by the pleadings, litigated, parol evidence is admissible to prove the consideration and determination of that fact, if the record fails to disclose it.   Such evidence is admitted in aid of the record and must always be consistent with it.   *Chase* v. *Walker*, 53 Maine, 258.

It is never allowed to contradict or vary the record.   *Gay* v. *Wells*, 7 Pick., 217; *McNear* v. *Bailey*, 18 Maine, 251; *Sturtevant* v. *Randall*, 53 Maine, 149.

The evidence must be confined to the proof of such facts and issues as were, or might have been legitimately decided under the declaration and pleadings.   If otherwise, it might contradict or vary the record.

The record is *conclusive* evidence that the judgment was rendered upon some one or more of the issues legitimately raised by the pleadings of the parties.

The parol proof is only to distinguish which of those several issues were decided, or to show that some particular fact was decided in the determination of some of those issues.

It cannot be admitted to prove the verdict, or award, upon which the judgment was rendered, was founded upon matters not presented by the declaration and pleadings, for that would be varying and contradicting the record.   The record is a record of the adjudication upon the issues rais-

ed by the declaration and pleadings, (which constitute the pleadings of the parties,) and not a record of the decision or determination of matters outside of these. Were parties allowed to prove such matters to affect the record, the force of the record might lie entirely in parol evidence, and be subject to the uncertainties attending that kind of evidence.

Upon recurring to the writ in the action which was referred, it will be found the allegation there made was a *fraudulent* affirmation, knowingly made, concerning the *character* and *seat* of the disease. There is no averment that anything is *due* upon a *contract.* The six months mentioned in the trade had not expired. That there had been no breach of the contract was *apparent* from the writ and declaration. There was no complaint made concerning it. The complaint was that a deception was practiced upon the plaintiff by a false and fraudulent affirmation concerning the *character* and *seat* of the disease. That he was lame is admitted, but it was not such a lameness as the defendant represented it was, and that he knew it was not. The whole gist of the complaint is *deceit,* and nothing else. Unless the defendant was guilty, the referees were not authorized to find against him. The *record* is, that they did find against him, and that the judgment of this Court was, " that the said Reuben Jones recover judgment against the said James W. Perkins, *in this action,* for the sum of ten dollars, damages, and four dollars and fifty cents, costs of suit." This is a record of the findings upon the allegations in that suit.

The defendant now proposes to show the findings were not upon the allegations in that suit, but upon the terms of a contract unbroken when that suit was commenced.

This would clearly and manifestly contradict and vary the record, and there must be judgment for the plaintiff.

> *Judgment for the plaintiff for ten dollars,*
> *and interest from date of writ.*

APPLETON, C. J., KENT, WALTON, BARROWS and DANFORTH, JJ., concurred.