KLUMPH *v.* BOUSFIELD & CO.

**Sale—Issue of Fact.**

>   Where plaintiff claimed that material was sold to defendant, who agreed to pay therefor on presentation of an order signed by W., and defendant claimed that the sale was made to M., and that defendant was to pay the purchase price only out of funds in his hands belonging to M., upon the latter's order, there was an issue of fact for the jury.

Error to Bay; Maxwell, J. Submitted February 2, 1897. Decided March 10, 1897.

*Assumpsit* by Charles H. Klumph against Bousfield & Company, a corporation, for goods sold and delivered. From a judgment for plaintiff on verdict directed by the court, defendant brings error. Reversed.

*Lyon & Pierce*, for appellant.

*McDonell & Hall*, for appellee.

Moore, J. Plaintiff sued to recover for the value of 32,000 bricks. It is his claim that Mr. Williams ordered the bricks, and said they were going into kilns belonging to defendant, and that it would pay for them; that, before selling the bricks, he had a talk with the officers of the defendant, and was told by them that they had $1,300 due Mr. Williams, that they were to pay for the material, that it would be proper to ship the bricks, and that, upon the order of Mr. Williams, they would pay for them as fast as the bricks were delivered; that they were shipped to defendant, and used in the rebuilding of the kilns; that he presented defendant with an order from Mr. Williams, and payment was refused. The defendant claims that, when the plaintiff visited it, he said he wanted to see about the pay for some bricks that Mr. Wil-

liams had bought, and wanted to know how he was going to get his pay; that Williams had agreed to give him an order from the Michigan Clay Company on defendant for pay for the bricks. It was the defendant's testimony that Klumph said he had sold the Michigan Clay Company some bricks, and that he was told that the defendant had agreed to advance the money on an order from the Michigan Clay Company to pay for all the material; that he was told about the Michigan Clay Company's contracting to put up the building originally; that it had collapsed; that they had agreed to rebuild it; that the defendant had agreed to make the advances for the material, and would pay him on an order from the Michigan Clay Company; that the money it was going to advance to pay for the bricks belonged to the Michigan Clay Company; that defendant never agreed to pay for the bricks on an order signed by Mr. Williams. The testimony on the part of defendant was that no order was ever presented by Mr. Klumph from the Michigan Clay Company, but one was presented from Mr. Williams. The cross-examination of the plaintiff disclosed that upon his books the bricks were charged to the Michigan Clay Company. Against the objection of the defendant, the trial judge directed a verdict for the plaintiff, and this is assigned as error.

The record shows that the plaintiff claims that the bricks were sold to defendant, and were to be paid for as delivered, upon the presentation of an order signed by Mr. Williams. It was the defendant's claim that the credit was extended to the Michigan Clay Company, and the debt was to be paid for out of funds belonging to that company, in the hands of the defendant, upon presentation of its order. This raised an issue of fact, which the defendant had a right to have submitted to the jury. *Grant* v. *Masterton*, 55 Mich. 161; *Burroughs* v. *Ploof*, 73 Mich. 607; *Michigan Pipe Co.* v. *Michigan Fire & Marine Ins. Co.*, 92 Mich. 482.

We have not overlooked the cases cited by counsel for

plaintiff.    These cases determine that if there is an unconditional promise to pay for material used by the contractor, and the material is delivered, such a promise would not, because it was a promise to pay the debt of another, be within the statute of frauds, because the promisor had received the benefits for which the promise was made.    In the case before us the question is whether the promise was in fact made by the defendant to pay for the goods as claimed by plaintiff, or whether it was a conditional promise, the conditions of which are unfulfilled.    This was a question for the jury.

Judgment is reversed, and new trial ordered.

The other Justices concurred.