[No. 1672.]

ROSAN GULLING, EXECUTRIX, AND CHARLES GUL-LING, EXECUTOR OF THE ESTATE OF MARTIN GULLING, DECEASED, RESPONDENTS, v. THE WASHOE COUNTY BANK, A CORPORATION, APPELLANT.

1. JUDGMENT—CONCLUSIVENESS—PERSONS INCLUDED AND AFFECTED—CODE-FENDANTS. In an action to foreclose a trust deed, in addition to the owner of the property, two parties were made defendants under the allegation that they claimed some interest in the property subject to the trust deed. Both these parties answered. The answer of the second party answering was not served on the first one; neither did it mention him in the title of the action, nor in specific terms set up a cross-complaint against him, although the body of the answer was to that effect, and in each answer it was set out that defendant appeared in response to the summons, and in answer to the summons and complaint of the plaintiff, and the first party did not demur or plead to the answer of the second party. Held, that, as these defendants at the trial actually litigated between themselves the issues which the decree in the case purports to determine, the decree is conclusive as between them.

2. EVIDENCE—PAROL EVIDENCE—ISSUES DECIDED. Where pleadings on their face and the judgment roll do not show the issue tried and determined between parties, it may be shown by extrinsic evidence.

3. CONCLUSIVENESS—NATURE AND REQUISITES. Where issues between parties have once been tried and finally determined, the same questions cannot again be litigated by such parties or their privies.

4.  EVIDENCE OF JUDGMENT—ISSUES.  Evidence considered, and *held* that the
    matters sought to be litigated were tried and determined in a former
    action in which the parties were codefendants.

TALBOT, J., dissenting.

ON REHEARING.  **Reversed and remanded.**  [For origi-
nal opinion, see 28 Nev. 450.]

*Cheney, Massey & Price*, for Appellant:

I.  No question of constructive service or of the default is
presented.  The court had jurisdiction of the subject-matter,
to wit, the right of Martin Gulling to have his mortgage fore-
closed, and it also had jurisdiction of the persons, to wit, the
Washoe County Bank and of Martin Gulling.  They both
had appeared in the action.  There was no direct proof show-
ing whether the bank's answer had or had not been served
upon Gulling.  There is no. rule of law or practice of the
courts which makes proof of such service any part of the
record.  The record is silent upon that question.  The record
being silent, what presumption · should the court adopt?
(Freeman on Judgments, 133;  Black on Judgments, 271;
Elliott on Evidence, 99.)

*Goodwin, Webb, Dodge & Parker*, for Respondents:

By the Court, NORCROSS, J.:

This court in its former opinion (28 Nev. 450) held with
the trial court that because of the fact that the answer of
the defendant Washoe County Bank was not served on its
codefendant, Martin Gulling, in the suit of the *Farmers'
and Mechanics' Savings Bank* v. *Daniel Powell et al.*, and
because of the further fact that the said answer of the
Washoe County Bank did not mention Martin Gulling in the
title of the action, or in specific terms set up a cross-complaint
or cross-bill against him, and because of the further fact
that in the answers of both Gulling and the Washoe County
Bank in said action it was set out that each defendant
appeared in response to the summons and in answer to the
summons and complaint of the plaintiff, and because of the
further fact that Gulling did not demur, answer, or other-
wise plead to the said answer of the Washoe County Bank,

that no issue was raised between the said codefendants Martin Gulling and Washoe County Bank in said action, and therefore the decree entered therein in favor of the defendant Washoe County Bank and against the defendant Gulling was without jurisdiction and void, and hence does not constitute an estoppel in the present action. A further examination of this case convinces me that we were in error upon the intricate legal questions here presented. It does not seem to be seriously disputed in this case that had the answer of the Washoe County Bank, in the former action, set up its allegations by way of a cross-complaint or cross-bill against Gulling, and he had been served with the same, and that Gulling had, without objection, gone to trial upon issues thus raised, that he would have been bound by the decree in question. The error that this court, and I think the trial court, also, fell into, was in taking substantially the view that an issue between codefendants could not be raised and determined in a proceeding so as to be binding upon the parties, unless such issue was presented upon the face of the pleadings, and the pleadings duly served or a waiver of service shown, and that in this case there was no issue raised upon the face of the pleadings, and the court found that no service between the said codefendants was made.

It may safely, I think, be said that the judgment roll alone in the case of the *Farmers' and Mechanics' Savings Bank* v. *Powell et al.* does not show upon its face a joinder of any issue between the said codefendants Gulling and Washoe County Bank. We shall, at least, for the purposes of this opinion concede that it does not. The principle, however, I believe is well settled in reason and authority that where the pleadings do not upon their face show the issue, if any, tried and determined between parties to an action, the same may be shown by extrinsic evidence. Black on Judgments, vol. 2, 614, p. 738, says: "The doctrine of *res judicata* does not rest upon the fact that a particular proposition has been affirmed and denied in the pleading, but upon the fact that it has been fully and fairly investigated and tried; that the parties have had an adequate opportunity to say and prove all that they can in relation to it; that the minds of the court and jury

have been brought to bear upon it, and so it has been
solemnly and finally adjudicated. Now, these conditions are
fully met when any question, though foreign to the original
issue, becomes the decisive question, the turning point in the
case. In that event it will receive just as full and exhaustive
an examination as if it were the sole subject-matter of a dis-
tinct and independent suit, and therefore should be considered
as much settled by the judgment as if it stood alone as the
issue in the case. For these reasons, the more correct doctrine
is that the estoppel covers the point which was actually
litigated and which actually determined the verdict or
finding, whether it was statedly and technically in issue
or not. Numerous cases incline to this view, and many
attempts have been made to formulate a satisfactory
statement of the true rule. Thus it has been said that
the matter in issue or point in controversy is that ulti-
mate fact or state of facts in dispute upon which the verdict
or finding is predicated. Again, it has been held that, if a
particular matter which was not necessarily involved in the
issue, but which the issue was broad enough to cover, actually
arose and was determined, it may be connected with the
record by evidence *aliunde*. In a well-considered case in
Nevada the court thought it was not necessary that the
particular point 'should have been directly and specifically
put in issue by the pleadings, but it is sufficient if it is
shown that the question which was tried in the former
action between the same parties is again to be tried and
settled in the suit in which the former judgment is offered
in evidence. But, when the fact is not directly put in issue
by the pleadings, and it was not a fact necessarily to be
passed upon before judgment could be rendered, then parol
evidence is admissible to show that the same fact was sub-
mitted to and passed upon by the jury in the former action.
If this be not done, the. judgment would, as evidence, be
conclusive of nothing but the material facts directly put in
issue by the pleadings, or such as it was necessary to pass
upon in finding the verdict or rendering the judgment.'
(*Sherman* v. *Dilley*, 3 Nev. 21.) * * * In all cases, there-
fore, where it is sought to apply the estoppel of a judgment

rendered upon one cause of action to matters arising in a suit upon a different cause of action, the inquiry must always be as to the point or question actually litigated and determined in the original action, not what might have been thus litigated and determined. Only upon such matters is the judgment conclusive in another action." Again, in section 624, the same author says: "It is now fully settled upon the authorities that extrinsic evidence, when not inconsistent with the record and not impugning its verity, is admissible for the purpose of identifying the points litigated and decided in a former action between the same parties, when the judgment therein is set up as a bar or estoppel in the case on trial. * * * The record must show that the same matter might have come in question on the former trial, and then the fact that it did come in question may be shown by extrinsic proof."

See, also, Freeman on Judgments, vol. 1, 272, 273; Van Fleet's Former Adjudication, vol. 2, 413; 24 Am. & Eng. Enc. Law, p. 732; 23 Cyc. 1304.

. The reasons supporting the foregoing rule will certainly apply as strongly to a case where parties to an action have, in their pleadings, set up allegations of fact which would have raised an issue between them, providing the same had been set up with the due formalities of pleading and service of the same been made, and it is simply a question whether the parties, regardless of such lack of formality in pleading and want of service, have, nevertheless, appeared in court and actually treated the pleadings as raising issues between them, and, without objection, have tried, argued, and submitted such issues for the determination of the court. In the light of the foregoing rule, is there proof in this case showing that, regardless of the fact that the answer of the Washoe County Bank was not served upon Gulling and that an issue was not strictly raised upon the pleadings, the decision of the trial court was, nevertheless, based upon issues actually litigated between the said parties to the former action? A careful investigation of the record in this case, with the view of the application of the rule stated, convinces me that there is undisputed evidence in the record that the two codefend-

ants, Gulling and Washoe County Bank, treated each other as adverse parties and actually litigated the issues which the decree in that case purports to determine.

In the trial of the present cause, appellant offered in evidence, in support of his plea of *res judicata*, the papers filed in the former case, and the record shows that they were admitted without objection. In the complaint of the Farmers' and Mechanics' Savings Bank, a decree of sale of the premises covered by the trust deed was prayed for "in case the same is not sold by said trustees prior to the entry of judgment herein." Before the case came on for trial the trustees did sell the property under the provisions in the trust deed, and the plaintiff from the proceeds of such sale received the amount of the indebtedness due it. It then filed in the action a disclaimer of any further interest in the action, and prayed that its complaint be dismissed. When Gulling filed his answer to the plaintiff's complaint, he admitted all the allegations of the complaint, and that his mortgage was subsequent to and subject to the trust deed of the plaintiff, and alleged that it was "presented for the purpose of having the same adjudicated in this action and finally determined by the court in said action." He further included in his answer the following allegations: "And the defendant, Martin Gulling, avers that in addition to the plaintiff, corporation, certain others, to wit, Thomas E. Haydon, Henry Anderson, B. N. Steinman, C. H. Cummings, and others, whose real names are unknown to this defendant, have, or claim to have, some interest or claim upon said premises as purchasers, mortgagors, judgment creditors, or otherwise, which interest or claims are subsequent to and subject to the lien of this defendant." He then prayed for the usual decree of foreclosure and sale, and "that the proceeds of said sale be applied, first, to the payment and satisfaction of any judgment, the plaintiff, Farmers' and Mechanics' Savings Bank, a corporation, may secure in said action; and, second, in payment and satisfaction of any judgment this defendant may obtain herein." When the plaintiff in said action filed its disclaimer and prayed that its complaint be dismissed, none of the numerous defendants appeared to have asked that

the action be dismissed, but, upon the contrary, the cause came on for trial and each sought to have his rights adjudicated. There never was any real issue or controversy between the defendant Gulling and the plaintiff in said action. When Gulling elected to remain in the action after the plaintiff had disclaimed and prayed to be dismissed, he, in effect, assumed the character of plaintiff. That he sought to have his mortgage foreclosed in that action is indicated by the fact that "he submitted evidence and proofs." He could not properly seek to have his mortgage foreclosed without the holder of the legal title to the land being brought into the action, and, as to him, made a defendant. Regardless of the form of Gulling's pleading, its allegations were essentially directed against the holder of the legal title to the mortgaged premises. The Washoe County Bank, at the time of the trial, held the legal title to the land in question, and, in any action in which Gulling sought a foreclosure of his mortgage, was a necessary party, and, in effect, would constitute a defendant as against Gulling. There is evidence which goes to show that both Gulling and the Washoe County Bank recognized this as the situation of the case. Gulling had been served with notice that the trustees, Steinman and Cummings, were proceeding to sell the premises under the trust deed. Even if Gulling had not been served with the answer of the Washoe County Bank, it cannot be said that he did not have knowledge that the defendant bank had filed an answer of some sort, for he stipulated with the said bank for the taking of testimony of witnesses at Sacramento for the purpose of proving the trustees' sale, and he was advised of the nature of the testimony sought to be adduced, for he acknowledged service of copies of the interrogatories to be propounded. This stipulation was entered into nearly four months after the plaintiff had filed its disclaimer and prayed to be dismissed. The evidence sought to be obtained by the Washoe County Bank can scarcely be said to have been obtained for the purpose of establishing any issue between it and the plaintiff.

With the complaint of the plaintiff practically out of the case, the answer of the Washoe County Bank could have no

function in the proceeding other than as a defense in the nature of an answer or cross-bill to the defendant Gulling's cause of action. If not before, Gulling was at the time of the trial advised of the purport of the Washoe County Bank's pleading. If, without objection, he went to trial, seeking upon his part a foreclosure of his mortgage, with the Washoe County Bank, upon the other hand, setting up the ownership of the legal title to the land in controversy, and alleging facts which it claimed cut off Gulling's right to a foreclosure, it is difficult to see how Gulling did not consent to a trial of the issues of fact and law thus presented, irrespective of the form and character of the pleadings, or the nature of the service in the action. If he did so consent and did so proceed to try the issues thus presented, he is as much bound by the decree as he would be under the most formal pleadings and service, for the court would then unquestionably have jurisdiction of both the parties and the subject-matter.

In addition to the fact that it appears that Gulling proceeded with the trial of the case, there is evidence in the record, admitted without objection and standing without contradiction, tending to prove that the codefendants Gulling and Washoe County Bank proceeded to try and did try the issues actually determined and set forth in the decree. In the opinion of Judge Cheney, rendered in the cause in question, we find the following: "There is no serious controversy concerning the facts of this case. The real issue is one of law between the defendants, the Washoe County Bank, as purchaser under the trustees' sale, and Martin Gulling, as mortgagee, under a mortgage made subsequent and subject to the conveyance called a 'trust deed,' and by virtue of which the sale was made. * * * Something was said upon the argument about the price for which this property sold being inadequate, and the place of sale being unfair and oppressive. Several sufficient answers may be made to this. * * * It is further urged that a great hardship will be wrought upon the second mortgagee if the defendant bank is held to have acquired the legal title to this property," etc.

These extracts from the opinion of the trial judge indicate most strongly that both counsel for Gulling and the Washoe

County Bank must have entered into an argument of the legal questions presented from the proofs offered by Gulling on the one hand, and the bank upon the other. If the parties were not trying those issues, I cannot see upon what theory they were arguing their legal effect to the court, unless the argument was subject to some reservation not disclosed by the record. After the decision was rendered the defendant bank submitted findings, to which the defendant Gulling interposed certain objections and amendments, and these objections and amendments came on regularly for settlement, and counsel for Gulling participated in such settlement, but it nowhere appears in the record disclosed in this case that the defendant Gulling ever raised a question that the trial court rendered a decision upon issues not presented to the court for determination. No appeal was ever taken from the judgment, and, so far as the record here shows, no attempt was ever made to have it set aside or its regularity questioned in any particular. Whether the court would have been authorized to have proceeded with the trial of the cause, after the plaintiff had withdrawn from the case, over the objection of any of the other parties to the suit, is not before us for consideration, nor is the question of the character of the pleadings filed, for the record does not disclose that any objection thereto was ever made.

It has been very strenuously contended by counsel for respondents upon this appeal that Martin Gulling in the former action was in court for certain purposes, but not for the purpose of trying the issues which the court in fact determined. This point was given great weight by this court in its former opinion, but further examination and consideration convinces me that the undisputed evidence shows that he remained in the case for the purpose of trying, and that he actually did try, the issues which the decree of the court determined. As I now view this case, the record shows that the pleadings were in such shape that, without objection and by the consent of the parties, the issues determined by the trial court in the former proceeding might have come in question, and the uncontradicted proof offered shows that such issues, by the consent of the parties, did come in

question, were litigated, and determined.    There may be evidence, not offered upon the trial of this case, contradictory to that presented in the present record, which would show, or tend to show, that the questions determined by the trial court in the case of *Farmers' and Mechanics' Savings Bank* v. *Powell et al.* were not, in fact, litigated by the parties to this action, or that, if such questions were presented, argued, and submitted, it was subject to some objection or reservation which might not make the decision binding.    However, unless the evidence contained in the present record is overcome, I think it cannot be said that the plaintiff herein is not estopped by the decree entered in the said suit instituted by the Farmers' and Mechanics' Savings Bank.    No proposition of law is more thoroughly settled than that, when issues between parties to an action have once been tried and finally determined, whether such determination is erroneous or not, the same questions cannot again be litigated by such parties or their privies.    As this case now appears, the matters now sought to be litigated were tried and determined in the case of *Farmers' and Mechanics' Savings Bank* v. *Powell et al.*, in which case the parties to this proceeding were codefendants.

For the reasons given, the judgment and the order of the trial court are reversed, and the cause is remanded for a new trial.

FITZGERALD, C. J.:    I concur.

TALBOT, J., dissenting:

In the suit of the Farmers' and Mechanics' Bank of Sacramento, brought in the district court at Reno against the Pollocks and Powell to foreclose its trust deed on property in Washoe County, the parties hereto and others were made defendants under the usual general allegation that they claimed or had some interest in the property which was subject and subsequent to the trust deed.    Gulling promptly, and before the sale by the trustees in California, answered the complaint in that action, and admitted the execution and priority of the trust deed, and claimed a second lien against the property under the mortgage executed to him by the Pollocks and Powell, but this answer was not served upon

them so as to warrant the judgment directed to be entered against them by the decision of the district court.   Several months after Gulling filed his answer, and after the trustees' sale, the Washoe County Bank filed its answer against the complaint, and therein set up the trustees' sale, having demurred in the meantime.   The answer of Gulling did not refer to this sale, which had not taken place until after it was filed.   No cross-complaint or allegation of fact was made or served between Gulling and the Washoe County Bank, and it seems to be conceded that the pleadings raised no issue between them.

We have for consideration a question of law relating to the validity of a judgment against a defendant and in favor of a codefendant between whom there was no cross-complaint, no allegation of fact, no denial, no issue pleaded. If such a judgment is binding between codefendants without pleadings between them, when they have appeared in court and litigated the matter on which it is based, is there evidence in the record to show as a fact that the Washoe County Bank and Martin Gulling as hostile codefendants and adversary parties litigated the question of the validity of the trustees' sale on which the judgment in that case was rendered?   It is generally and properly held that an allegation between the parties which is not denied, or which is defective and is not attacked by demurrer or in some manner on the trial, is sufficient to sustain a judgment.   This is not a case of that kind, for there is not, as between the codefendants concerned, even a defective statement of fact, nor one side of an issue as constituted by allegation and denial under the usual rules of pleading.   Good reasons are apparent for sustaining a judgment in favor of a plaintiff, which rests on an allegation in his complaint which is not denied or which, if defective, was not attacked by demurrer or motion, or in some way, in the *nisi prius* court.   But if a judgment is to be conclusive between codefendants without any allegation between them, as now held by the court, consistently and, *a fortiori*, it should be good between a plaintiff and defendant without allegation, and parties may in the future try their cases without any pleading.   Will the estates, heirs, and

successors in interest of litigants always be sufficiently pro-
tected by any judgment the court may enter, even in the
absence of, and without notice to, the parties concerned, and
without any pleadings or showing of any action on their
part, if they and their estates are to be bound after the
original litigants, their attorneys, and all present in court by
whom the matter litigated can be proved are dead? All the
attorneys then residing in the state who appeared for the
various parties in the original case, as well as Martin Gulling,
have since died. One or two text-writers without consid-
ering all the distinctions made by the courts or mentioning
statutory provisions which may control in a few states, and
while admitting that the authorities are conflicting, assert
that the parties ought to be bound by a judgment based on
matters which they have litigated, but which were not put in
issue by the pleadings. Regarding this question, Mr. Black
in his work on Judgments, wherein he cites with approval
*Sherman* v. *Dilley*, 3 Nev. 24, decided in 1867, appears obliv-
ious to the provisions of our practice act approved on March
8, 1869, two years after that case was decided. The decision
was by only two of the justices, and was rendered, it would
seem, after the court had changed its opinion, and while it
was not entirely certain regarding the position taken. It
was said in the decision: "By the former opinion of a
majority of the court in this case, the judgment of the lower
court was reversed, and a new trial ordered. Upon further
examination of the authorities, however, I am satisfied that
we were incorrect in our conclusions, and that the judgment
of the lower court must be affirmed." And, referring to the·
matter covered by the estoppel: "It is, perhaps, not necessary
that it should have been directly and specifically put in issue
by the pleadings." The case was essentially different from
the one at bar. It was an action to enjoin the diversion
of water, and the pleadings in the former suit between the
same parties related to certain premises. Under the ripa-
rian theory then claimed and the decisions, the water was
appurtenant to the land, and it could have been assumed
that the complaint and judgment for the premises carried
the water with the other appurtenances without mentioning

them.   The opinion seems to have been criticised in another
regard in a later one by this court.  (Lawson's Nevada Digest,
p. 266, sec. 68.)  At section 614 of Black on Judgments (2d
ed.) the author states: "We have now seen that the estoppel
of a judgment does not extend to such matters as come only
incidentally or collaterally into the controversy, but only to
points actually and necessarily adjudicated.  In other words,
that a former judgment is conclusive only as to matters in
issue or points in controversy, upon the determination of
which the finding or verdict was rendered.  But what is the
'matter in issue' within the meaning of this rule?  Is the
test to be furnished solely by the issues framed in the suit,
or also by the course and nature of the evidence?  Suppose
that a question arises on the trial which, *per se*, has nothing
to do with the cause of action, and is not mentioned in the
pleadings, but which materially affects the stated issue and
must be determined before the issue can be found either way.
Suppose, further, that such question, thus becoming neces-
sary to the decision of the cause, is controverted between the
parties, and is made the subject of evidence, argument, and
instructions, and that its resolution in effect determines the
verdict of the jury.  Now, is the question to be considered
*res judicata* between the parties or not?  Unfortunately the
authorities are in conflict upon this subject, and the matter
rests in much doubt and confusion."  At section 25 of Chand's
Treatise on the Law of *Res Judicata*, he says: "The impor-
tant question, however, is:  What is the matter in issue within
the meaning of the rule?  And, unfortunately, there is a con-
siderable conflict of authority on that point."  Section 428
of volume 2, Van Fleet's Former Adjudication, states that
"parol evidence is not competent to show that matters
outside of the issues were passed upon."

Extracts from some decisions holding this view are:

*Davidson* v. *Shipman*, 6 Ala. 33: "The general rule of the
conclusiveness of judgments is the one laid down by Chief
Justice De Grey, in the *Duchess of Kingston's Case.*  'That
the judgment of a court of concurrent jurisdiction directly
upon the point is as a plea, a bar, or as evidence conclusive,
between the same parties, upon the same matter directly in

question in another court.' This celebrated judgment has been ever since recognized in England and the United States as a correct exposition of the rule. Some difficulty has, however, been found to exist, and some discrepancies will be discovered upon an examination of the numerous cases on this question as to the mode of ascertaining what was the point in issue between the parties, and whether proof, *aliunde*, for that purpose is admissible, or whether the point must not appear from the record. See the numerous cases on this head collected, and arranged by Cowen and Hill, vol. 3, Phil. Ev. 826, 848. Necessarily parol evidence must be admitted to identify the subject-matter of the suit. 'Every fact which exists on record must be proved by the record, but, when the question is as to the real subject-matter of the suit, or to show a bar to another suit, the identity of the cause of action may be proved by other than record evidence.' (*Parker* v. *Thompson*, 3 Pick. 429.) See, also, *Oist* v. *Zeigler*, 16 Serg. & R. 282, 16 Am. Dec. 573; *Robinson* v. *Windham*, 9 Port. 397. A former judgment is a bar only in reference to the subject-matter of the suit, and the points there put in issue and determined. Where, therefore, it is proposed to show, by the record of a judgment, that a certain matter was decided, it must appear from the record that such matter was in issue, and then parol testimony may be admitted to show that the matter was in fact submitted to the jury. If the matter was not within the issue, such testimony is not admissible."

*Towne* v. *Nims*, 5 N. H. 259, 20 Am. Dec. 578: "The same principle is applied and illustrated in a great many cases to be found in the books. (*Kent* v. *Kent*, 2 Mass. 338; *Bank* v. *Robinson*, 2 N. H. 126; *Rice* v. *King*, 7 Johns. 20; *Kitchin* v. *Campbell*, 3 Wils. 304; *Adams* v. *Barnes*, 17 Mass. 365; *Tilton* v. *Gordon*, 1 N. H. 33; *Rex* v. *Pancras*, Peake's N. P. C. 219; *Strutt* v. *Bovingdon*, 5 Esp. N. P. C. 56; *Da Costa* v. *Villa Real*, 2 Stra. 961; *Smith* v. *Whiting*, 11 Mass. 445; *Burt* v. *Sternburgh*, 4 Cow. 559, 15 Am. Dec. 402.) In all these cases the point upon which the judgment was held to be conclusive was directly in issue on the face of the record; and was the foundation of the judgment. The judgment, to be

conclusive, must be upon the precise point. (2 Stark, Ev. 198–201; Bull. N. P. 244.) It is also a settled principle of law that when a fact, directly in issue on the face of the pleadings, is determined by a jury in one case, the verdict may operate as an estoppel, if properly pleaded, in another suit brought *diverso intuitu* between the same parties. But to constitute a legal estoppel in such a case, the fact must have been in issue on the face of the pleadings in the first case, and the verdict must be pleaded as an estoppel. (3 Stark, Ev. 1280, note *y; Evelyn* v. *Haynes,* cited 3 East, 365; *Outram* v. *Merliwood,* Id. 346; *Vooght* v. *Winch,* 2 Barn. & Ald. 662; *Manny* v. *Harris,* 2 Johns. 24, 3 Am. Dec. 386; *Sintrenick* v. *Lucas,* 1 Esp. N. P. 43; *Blackham's Case,* 1 Salk. 290.)"

*Rosema* v. *Porter,* 112 Mich. 14, 70 N. W. 317: "We think it cannot be said that the former judgment is *res judicata* as to the extent of the defendant's lien upon the horse. The bill of particulars fixed the issue under the general pleadings. This being the case, the record cannot be contradicted by showing that other matter has been adjudicated. (*Mondel* v. *Steel,* 8 Mees. & W. 858; *Campbell* v. *Butts,* 3 N. Y. 173; *Burdick* v. *Post,* 12 Barb. 168; *Hatch* v. *Benton,* 6 Barb. 28; *Meredith* v. *Mining Assn.,* 56 Cal. 178; *Green* v. *Clark,* 5 Denio, 497; *Jones* v. *Perkins,* 54 Me. 393; *Chapman* v. *Smith,* 16 How. 114, 14 L. Ed. 868; 2 Van Fleet, Former Adj. 428; 2 Smith, Lead. Cas. 784.)"

*Lewis' and Nelson's Appeal,* 67 Pa. 165: "But it is too well settled to need either argument or authority to maintain it that the estoppel of a judgment extends only to the question directly involved in the issue, and not to any incidental or collateral matter, though it may have arisen and been passed upon. This is clearly stated in the language of Lord Chief Justice De Grey in the *Duchess of Kingston's Case,* 11 Harg. State Trials, 261, 20 Howell's State Trials, 538, 2 Smith, Lead. Cas. 424."

*Jones* v. *Perkins,* 54 Me. 396: "There are cases where parol evidence is admissible in aid of the record. * * * It is never allowed to contradict or vary the record. (*Gay* v. *Wells,* 7 Pick. 217; *McNear* v. *Bailey,* 18 Me. 215; *Sturtevant*

*v. Randall*, 53 Me. 149.)   The evidence must be confined to
the proof of such facts and issues as were, or might have
been, legitimately decided under the ·declarations and plead-
ings.   If otherwise, it might contradict or vary the record.
The record is conclusive evidence that the judgment was
rendered upon some one or more of the issues legitimately
raised by the pleadings of the parties.   The parol proof is
only to distinguish which of those several issues were
·decided, or to show that some particular fact was decided in
the determination of some of those issues."

*Jones* v. *Davenport*, 45 N. J. Eq. 77, 17 Atl. 570:  "A decree
or judgment on the matter outside of the issue raised by the
pleadings is a nullity."   And:  "Courts can only hear and
determine causes on the pleadings actually filed, and not on
what parties may agree they shall be."

.*Campbell* v. *Consalus*, 25 N. Y. 616:  "To make such
proceedings and judgment thus conclusive, it should ·have
appeared, not only that the amount due on the mortgage was
litigated, and found by the referees in such prior action,
but it should also have appeared by the record of the judg-
ment in such prior action that the amount due on the mort-
gage was put in issue by the pleadings in such prior action.
(*Campbell* v. *Butts*, 3 N. Y. 173; *Manny* v. *Harris*, 2 Johns.
24, 3 Am. Dec. 386; *Young* v. *Rummell*, 2 Hill, 481, 38 Am.
Dec. 594; *Burdick* v. *Post*, 12 Barb. 168; *Doty* v. *Brown*, 4
N. Y. 71, 53 Am. Dec. 350; *Standish* v. *Parker*, 2 Pick. 20, 13
Am. Dec. 393.)   Even an agreement between the parties that
matters foreign to the pleadings shall be given in evidence
and decided by the verdict of a jury will not, it seems,
enlarge the operation of a judgment entered on such verdict
by way of estoppel.  (*Wolfe* v. *Washburn*, 6 Cow. 262; *Guest*
v. *Warren*, 9. Ex. 379; 2 Smith, Lead. Cas. 672.)"

In the opinion by Field, C. J., in *Boggs* v. *Merced Mining
Co.*, 14 Cal. 279, 380, it was held that "a court cannot prop-
erly, even upon the consent of the parties, pass upon questions
not raised by the written allegations of the pleadings."

Justice Sanderson, speaking for the court, in *Garwood* ·v.
*Garwood*, 29 Cal. 521, said:  "The judgment of a court having
jurisdiction directly upon the point in controversy is, as a

plea, a bar; and, as evidence, competent and conclusive as between the same parties.  * * *  This rule, however, is restricted to facts directly in issue, and does not embrace facts which may be in controversy, but rest in evidence and are merely collateral.  A fact or matter in issue is that upon which the plaintiff proceeds by this action, and which the defendant controverts in his pleadings, while collateral facts are such as are offered in evidence to establish the matters or facts in issue, and, notwithstanding they may be controverted at the trial, they do not come within the rule.  (*King* v. *Chase*, 15 N. H. 16, 41 Am. Dec. 675.)"

*Hicks* v. *Murray*, 43 Cal. 522: "Evidence of facts, or stipulations as to the facts of a case, cannot make the case broader than it appears by allegations, nor can a party by mere force of facts admitted or proven become entitled to relief to which he would not have been entitled had his case been resisted only by general demurrer interposed to the pleadings upon which he relies."

In *Concannon* v. *Smith*, 134 Cal. 18, 66 Pac. 40, the following from Freeman on Judgments is quoted with approval: "The general expression, often found in the reports, that a judgment is conclusive of every matter which the parties might have litigated in the action, is misleading.  What is meant by this expression is that a judgment is conclusive upon the issues tendered by the plaintiff's complaint.  It may be that the plaintiff might have united other causes of action with that set out in his complaint,  * * *  but, as long as these several matters are not tendered as issues in the action, they are not affected by it."

In *Meredith* v. *S. Clara Min. Assn.*, 56 Cal. 180: "In *Sintzenick* v. *Lucas*, 1 Esp. R. 43, Lord Kenyon lays it down that, to make a record evidence to conclude any matter, it should appear that the matter was in issue, which should appear from the record itself; nor should evidence be admitted that under such a record any particular matter came in issue.  And in *Manny* v. *Harris*, 2 Johns. 24, 3 Am. Dec. 386, Spencer, J., quotes Lord Kenyon approvingly, and says, in effect, that unless the issue in the former action embraced the consideration of the present cause of action

evidence ought not to be received that the jury did decide upon it."

Supporting the same principle are *Shama Churn* v. *Prosunno Coomar*, 34 V. C. L. B. 251; *Topliff* v. *Topliff*, 8 Ohio, Cir. Ct. 55, Sections 257 and 272 of Freeman on Judgments (4th ed.) and cases there cited, where it is said that the rule is inflexible that the estoppel is restricted to the controversy made by the pleadings. Some of the cases holding that evidence, *aliunde*, may be received to show what facts within the issue were or were not proved on a former trial may appear to conflict with the above, when they really do not, and are easily distinguished. This is true, regarding authorities cited by appellant, and by Professor Black in his article on Judgments in 23 Cyc. For example, in *Spiers* v. *Duane*, 54 Cal. 176, instead of the judgment covering matters outside of the pleadings, there was a complaint with allegations admittedly sufficient, and it was held that objections that the answer was defective could be made for the first time on appeal. Very correctly this and other cases hold that the judgment will be final in favor of the party who has alleged facts to sustain it, although denials may be defective or lacking. If it be claimed that part of the allegations in the complaint or of affirmative matter in the answer may be dispensed with, or that allegations between some of the parties may, for instance, as here, between codefendants, when there are allegations between them separately and the plaintiff, but none directly between themselves, it would be difficult to draw any line between such dispensation of a part and of all pleadings between all parties, which would result in the lax practice of allowing litigants to try cases and have them adjudicated without any pleadings, and lessen the stability and certainty of judgments, thereby entailing greater hardships than by requiring litigants to properly plead.

If we had no statute or decision in point and swept aside the cases cited, and it were considered the better rule to adopt in this state that regardless of pleadings parties are bound by all matters litigated, and which the judgment may cover, it may be doubted whether the record contains sufficient or proper evidence to indicate that the matter which

controlled the court and resulted in the judgment, the trus
tees' sale, and its validity against the Gulling mortgage, or
that anything else was litigated between the defendants
there, who are parties here.

As it is a well-recognized principle, and one sustained by
the authorities in the brief and others such as *Keagy* v. *Bank*,
69 Pac. 811, 12 Okl. 37, and *Harvey* v. *Osborn*, 55 Ind. 535,
that defendants are not presumed to be adversary parties, it
should not be inferred that they litigated anything between
themselves from the fact that they were both in court when
the answer of each was directed against the complaint, and
contained no allegation of fact against the other, nor should
it be so inferred because in advance of the trial as a matter
of convenience and accommodation they joined in a stip-
ulation to take depositions, which were signed: "Thos. E.
Haydon and Robt. T. & Wm. H. Devlin, Attorneys for
Plaintiff, W. Webster, Atty. for Deft. Washoe County Bank,
T. V. Julien, of Counsel, Atty. for other defts. appearing in
said action."

It ought not to be implied that Gulling was an adverse
party to the Washoe County Bank because he made this
stipulation with the plaintiff and the other defendants any
more than if he had merely stipulated with the plaintiff when
the other defendants did not join. Nor should it be so
inferred from the fact that they both appeared on the trial
or in court at other times. Nor are we warranted in presum-
ing that they litigated between themselves questions relating
to the validity and effect of the trustees' sale because these
appeared most important and controlling to the district judge,
and so seem to us now. On the trial below in this case the
record in the former action was admitted, and has been
brought here on appeal, but no testimony was introduced to
show what questions had been litigated.

The findings recite that the defendants, which would include
the parties here, introduced evidence in support of the issues
made by their answers, thereby implying that they did not
introduce other evidence. With the answers of the two
defendants there, who constitute the parties here, containing
no issue nor allegation of fact between themselves, the intro-

duction of evidence to support the issues made by either or both of these answers and the complaint would not indicate that either of these parties introduced evidence against the other, nor that anything was litigated between them. In the absence of presumptions and of any written stipulation, or an oral one made in open court and entered in the minutes, and with no showing that any evidence was introduced on the original trial by either of the parties here against the other, it would seem that the pleadings and the findings of the trial court are the only authorized or proper evidence of the facts which were in issue and were litigated. There is nothing in the record from which it may be suspicioned that anything was litigated between these parties as adversary codefendants in the former action, except the opinion of the district judge filed after the trial and separately from the findings and judgment. This opinion was beyond the control of the parties, and is quite different from the testimony of a trial judge if given as a witness and subject to cross-examination, and its competency as evidence may be doubted.

In *Buckingham's Appeal*, 60 Conn. 143, 22 Atl. 509, it was said: "In admitting the record itself, therefore, under the circumstances disclosed by the finding, we do not think the court below erred. But the court also admitted in evidence the written opinion of the judge who tried the case in the United States court. This was no part of the record. It was admitted for the purpose of showing the grounds of the decree. The decree itself did not show on what facts it was based. After the record was admitted the question then was whether the validity of the gifts to the nieces, which was in issue in the case at bar, had been in issue and had been determined in the prior suit. In such a case, if the record does not clearly disclose the facts upon which the judgment or decree is based, they may be shown by any proper evidence outside of the record. (*Supples* v. *Cannon*, 44 Conn. 424; *Mosman* v. *Sanford*, 52 Conn. 23.) But the witnesses who give such evidence must give it in the ordinary way, and under the conditions imposed upon all witnesses. It must be given under oath and subject to right of cross-examination, and it must not be what is termed 'hearsay' evidence. By

the admission of the opinion aforesaid, as evidence to show the grounds of the decree, these fundamental rules of evidence were violated, and the court committed an error."

In *Keech* v. *Beatty*, 127 Cal. 183, 59 Pac. 839: "If it be conceded that parol evidence may be given as to what the issues were in the former suit, the parol evidence would have to be competent. The written opinion, without even the form of having been made under oath, was not competent evidence for the purpose for which it was offered." In the decision of this court in *Wheeler* v. *Floral Mill and Mining Co.*, 9 Nev. 258, "the court found as a fact that the offset pleaded by respondent was a 'proper matter of offset'; but we cannot presume that this fact was properly found, because there were no averments in the answer to base such a finding upon. (*Barron* v. *Frink*, 30 Cal. 489; *Burnett* v. *Stearns*, 33 Cal. 473.)"

If without pleadings matters in dispute may be tried and adjudicated by judgments which are to be conclusive against the parties and act as estoppels against their heirs and successors in interest, there should be proof competent within the ordinary rules for the admission of evidence to indicate the things which were litigated, and, when the judgment is between codefendants, it should especially be clearly shown that they had acted as adversary parties. The cases seem to be uniform in requiring full and satisfactory evidence to establish matters which have been litigated within the issues. If the practice act controls, it seems unnecessary to determine whether it is the better doctrine where there is no statutory enactment to hold that the parties are bound by all matters litigated, regardless of any issue or allegation in the pleadings, as now seems to be advanced by a majority of this court, or, whether, in the absence of such enactment, an issue, or at least an allegation in the complaint or answer, even if defective or undenied, is necessary to support the judgment and conclude the parties as held in the cases cited and others. As we have a statute clearly covering the matter involved, it is more apropos to consider its language and meaning and the decisions in this state rendered since its passage, and we should not forget that questions relating to its policy are for.

the legislature, and that it ought not to be repealed and nullified by the courts, whether it be deemed that some other rule would be better or more in consonance with the views of this and other tribunals. The practice act provides:

"Sec. 150. The relief granted to the plaintiff, if there be no answer, shall not exceed that which he shall have demanded in his complaint; but in any other case the court may grant him any relief consistent with the case made by the complaint and embraced within the issue." (Comp. Laws, 3245.)

"Sec. 155. An issue of fact arises: First, upon a material allegation in the complaint, controverted by the answer; and, second, upon new matter in the answer, except an issue of law is joined therein." (Comp. Laws, 3250.)

"Sec. 65. The allegation of new matter in the answer shall on the trial be deemed controverted by the adverse party." (Comp. Laws, 3160.)

Provisions similar to section 150 are in force in New York, California, Iowa, Indiana, South Carolina, Colorado, Kentucky, and Missouri. (Bliss, Code Pleading, 3d ed. 160.)

In *Mitchell* v. *Mitchell*, 28 Nev. 123, we have already had occasion to construe the fore part of section 150, and to hold that upon default the court had no power to enter judgment for more than the relief demanded in the complaint.

In *McLeod* v. *Lee*, 17 Nev. 112, 117, 28 Pac. 125, this court stated: "The general principle that a judgment of a court of competent jurisdiction between the same parties and upon the same issues is, as a plea, a bar, or, as evidence, conclusive, is too well settled to require discussion. Such a judgment is not only conclusive of the right which it establishes, but of the facts which it directly decided. This rule is necessary for the repose of society. It is in the interest of the public that there should be an end of litigation. * * *. The estoppel 'extends to every material allegation or statement which, having been made on one side and denied on the other, was at issue in the cause, and was determined in the course of the proceedings.'"

In that case evidence was allowed to identify a dam. It was said that "this testimony was admissible, not for the purpose of varying, controlling, or contradicting the record,

but for the purpose of more clearly showing that the dam in question in this suit was the same dam that was in issue in the former action."

The cases are numerous and uniform holding that extrinsic evidence is not admissible to impeach or contradict statements in the record with reference to points or matters in litigation, or which have been adjudicated.

In *Low* v. *Blackburn*, 2 Nev. 73, it was stated: "Even in equity, where technicalities are mostly discountenanced, a party can have relief, if at all, only upon the allegations in the pleadings. No decree can be made in favor of a party upon grounds not set forth in his complaint or answer. The rule is absolute, in chancery, that a party can only recover upon the case he presents. '*Secundum allegata et probata.*' (*Bailey* v. *Ryder*, 10 N. Y. 363, 370; *Byrne* v. *Romaine*, 2 Edw. Ch. 446, 447; *Beaty* v. *Swarthout*, 32 Barb. 293, 294.)"

Chief Justice Hawley, speaking for this court, in *Perkins* v. *Sierra Nevada S. M. Co.*, 10 Nev. 412, 413, said: "The question whether the judgment in the case under consideration was final must be determined with reference to the facts and issues presented by the record. * * * It is a well-established principle of law that the findings of a court should be confined to the facts at issue, and the judgment of the court must be warranted by the pleadings. (*Burnett* v. *Stearns*, 33 Cal. 473; *Bachman* v. *Sepulveda*, 39 Cal. 689; *Marshman* v. *Conklin*, 21 N. J. Eq. 548; *Munday* v. *Vail*, 34 N. J. Law, 418; *Dodge et al.* v. *Wright*, 48 Ill. 383.) And the fact that plaintiffs consented to this judgment does not change the rule. (*Hastings* v. *Burning Moscow*, 2 Nev. 96.)"

If parties are to be bound by matters litigated without pleadings when the judgment is set up as *res judicata* in another action, they would likewise be concluded by the same judgment on appeal in the first action, for, by voluntary litigating matters outside of the issues, they would be without the proper objection and specification of error on which to base an appeal, and consequently the judgment would be equally conclusive and the rule the same in either case.

We should remember that we are acting on the chancery side of the court, and that equity principles should apply,

and, as this action is one purely in equity, doubts, if any, would be more properly resolved in such a way that the rights of none would be cut off or lost. With this purpose in view, if we had no statute or decisions applicable in this state, it still would be better to hold that the parties are not concluded by the former judgment which is not supported by any issue or allegation in the pleadings, nor clearly shown by competent evidence to rest upon matters which were litigated by the parties as adversary codefendants. It is apparent from the record and uncontradicted that the property was of the value of about $14,000, more than sufficient to pay the prior claim of the Sacramento Bank for $8,000 and interest, and the $2,000 mortgage of Gulling, which was the second lien on the property, and yet the Washoe County Bank has its unsecured debt for $5,000, which was subsequent to both of these claims, satisfied, while the Gulling mortgage remains unpaid.

The statute and decisions of this court rendered since its passage should be followed, and the judgment of the district court, and of this court sustaining the same, as rendered before the rehearing, ought to be affirmed.